WILDER, administratrix, *v.* WILDER *et al.*

1. If a mother buys lands with her own funds and causes the title to be made to her son under an understanding and agreement that the property is to be hers, and that the son will make to her such conveyance as she may require, a trust in favor of the mother will be implied.

2. Under our statute an express trust must be created or declared in writing. Therefore, where three persons joined in the purchase of a tract of land, and title was made to one of them, parol evidence is inadmissible to show that it was the agreement that one of the others was to have the complete title, and that the grantee and the other purchaser were only to have a home on the land until the happening of a specified contingency.

3. The petition charged that the defendant pretended to claim the land sought to be recovered under an alleged will of the plaintiff's intestate, which had never been probated, and prayed its cancellation. The defendant in her answer denied that she claimed under the will, but set out the alleged will in extenso. The plaintiff specially demurred to so much of the answer as set forth the will, on the ground of irrelevancy. *Held,* that, though the will may not be relevant to the real issue in the case, yet, as the plaintiff in her petition called on the defendant to produce this instrument, and prayed its cancellation, the averments respecting it are responsive to the plaintiff's own allegations and prayer.

4. The defendant also averred that the plaintiff's intestate died shortly after his marriage, and that, in ignorance of the fact that a child would be born to his widow, she entered into an agreement with her respecting the disposition of her husband's property. This matter is irrelevant, because the defendant claimed no right or benefit under the agreement, and because any arrangement between the plaintiff as an individual and one of the defendants would not estop the former in her representative capacity.

5. There were some special grounds of demurrer relating to the relevancy of certain averments in the answer; but as they may properly be considered as matters of inducement to the material averments of the defense, there was no error in overruling these grounds.

6. In a suit instituted by an administrator, a defendant is an incompetent witness to testify in his own favor concerning transactions and communications with the deceased person, whether such transactions or communications were had by such deceased person with the party testifying or with any other person. Acts of 1900, p. 57

7. Some of the excerpts from the charge were constructed to fit the allegations of the answer setting up a parol express trust, and for that reason were erroneous.

AUGUST 17, 1912.

Equitable petition. Before Judge Bell. Fulton superior court. August 22, 1911

*Archibald H. Davis,* for plaintiff.

*Dorsey, Brewster, Howell & Heyman,* for defendants.

EVANS, P. J. Mrs. Dovie N. Wilder, as administratrix of her deceased husband, brought an action against Mrs. F. E. Wilder, the mother of the plaintiff's intestate, to recover certain realty. It was alleged that the legal title to the property was in the plaintiff's intestate, but that the defendant claimed title under an alleged will of the plaintiff's intestate, which had never been probated, and was void because of the birth of a child after its alleged execution, there being no provision in the will in contemplation of such an event. Petitioner prayed for the cancellation of the will and a recovery of the property. The defendant in her answer ad-

mitted that the legal title was in the plaintiff's intestate, but averred that the equitable title was in her, firstly, because the property was purchased with her own funds and the legal title was taken in the name of the son under an understanding and agreement that the property was always to be hers, and that the son should make to her such conveyance as she might require; and, secondly, that the property was purchased with the joint accumulations of the savings of herself, her sister, and her son, and the title was taken to the son under an agreement that the property was to be hers, charged with the right of the son and sister to live in the house so long as defendant occupied it as a home. The sister of the defendant was made a party to the suit, and adopted the defendant's answer as her own. The trial resulted in a verdict for the defendants, and a new trial was refused.

1. The plaintiff's demurrer challenged the sufficiency of the defendant's allegations to raise an implied or resulting trust. Express trusts are those created by agreement of the parties; implied trusts are such as are inferred by law from the nature of the transaction or the conduct of the parties. Civil Code, § 3732. Implied trusts are sometimes called resulting trusts. The Civil Code, § 3739, enumerates the following instances of circumstances where a trust will be implied: "1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. 2. Where, from any fraud, one person obtains the title to property which rightly belongs to another. 3. Where, from the nature of the transaction, it is manifest that it was the intention of the parties that the person taking the legal title shall have no beneficial interest. 4. Where a trust is expressly created, but no uses are declared, or are ineffectually declared, or extend only to a part of the estate, or fail from any cause, a resulting trust is implied for the benefit of the grantor, or testator, or his heirs." The answer sets up that the money of the defendant, acquired from her own earnings and from gifts of her sister and son, was used in the purchase of the land, and that though she caused the legal title to be taken in the name of the son, she was actuated to this course because she was a widow, and regarded her son as the man of the house, but that it was the common understanding and agreement of all parties concerned that she was to be the real

owner, and that the son should make her a conveyance whenever required by her. As between parent and child, payment of the purchase-money by one and causing the conveyance to be made to another will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted. Civil Code, § 3740. If the mother bought the property with her own money and took the title in the name of her son, and nothing else appeared, then the transaction would be a gift. But if the title was taken in the name of the son under circumstances indicating that no gift was intended, and that the mother was to continue to be the owner of the property notwithstanding the legal title was put in the son, as between them a trust would result to the mother. Dyer *v.* Dyer, 1 Lead. Cases in Eq. 314; *Cottle* v. *Harrold,* 72 *Ga.* 830; 3 Pom. Eq. Jur. §§ 1037, 1038. In such cases the court may hear parol evidence of the nature of the transaction or the circumstances or conduct of the parties, either to imply or rebut the trust. Civil Code, § 3741.

2. But the other defense stands on an entirely different footing. In the latter the defendant undertakes to engraft a parol trust on a deed. The essence of the averments is, that the property was bought with money belonging to the defendant, her sister, and her son, and that title was made to the latter under an express agreement that the property was to be held for the defendant, subject to the right of the sister and the son to live in the house as long as the defendant occupied it as a home. This is an express trust, resting upon the agreement of the parties, and must be created or declared in writing. Civil Code, § 3733. The demurrer to so much of the answer as undertook to set up a parol express trust should have been sustained.

3-7. The rulings made in headnotes 3 to 7 do not require discussion.      *Judgment reversed. All the Justices concur.*