## JONES *v.* JONES *et al.*

1. It was erroneous to overrule an appropriate motion to strike certain portions of the plea of the defendants, which, in effect, sought by parol to engraft an express trust upon a deed to land, and subsequently to permit witnesses to testify in support of such portions of the plea, over the objection that the testimony sought by parol to establish an express trust as to land, and was irrelevant.
2. The ruling above announced has no application to so much of the defendants' plea as related to the personal property involved in the suit, concerning which there was no effort to declare a trust.
3. There was no error in the ruling of the court permitting certain persons to be made parties defendant.

SEPTEMBER 26, 1912.

Equitable petition.   Before Judge Walker.   Taliaferro superior court.   June 9, 1911.

Wesley P. Jones instituted an action against Edward P. Jones, alleging, that plaintiff and defendant as tenants in common owned described land which had been conveyed to them by John F. Holden, and certain farm tools and other personal property which they had purchased and used on the farm; and that the defendant had been in exclusive possession of the property, and refused to recognize the plaintiff as a part owner in the property, or account to him for certain rents derived from the same.   There were prayers (*a*) for receiver; (*b*) for an accounting for rents, etc.; (*c*) for partition, and general relief and process.   The defendant in his answer admitted that the land had been conveyed to plaintiff and defendant, as alleged; but in paragraphs five to nineteen, inclusive, of his answer he set up a parol contract alleged to have been entered into prior to the conveyance, among the family of the father of plaintiff and defendant, including them, to the effect that the land should be purchased and paid for by all of them, and upon the purchase-price being fully paid the title should be taken in the name of the plaintiff and the defendant, but that their father and mother should live on the land and have it as their own for a home as long as either one of them should live, and any

one or more of the children who remained unmarried and wished to live there with their mother and father should have the right to do so, and upon the death of both the father and mother the place should then belong absolutely to plaintiff and defendant. By virtue of this family arrangement all of the several members of the family, including plaintiff and defendant, contributed to the payment of the purchase-money and succeeded in making full payment, which was followed by execution of a deed conveying the property to plaintiff and defendant, as above stated. After the property had been so conveyed, the entire family, including plaintiff and defendant, continued to reside on it and carry out the terms of the parol agreement for several years; and plaintiff never repudiated the contract until shortly before the institution of the suit, and none of the others ever repudiated it. The personal property referred to in the suit was purchased by the use of the "common fund" produced by all the members of the family in conducting the farm, and by common consent it was understood that all of it should be the property of their mother and father. By reason of the foregoing facts the mother and father have a life-interest in the land, and ought to be made parties. It would be inequitable and unjust, and a fraud against the other members of the family, if the plaintiff were allowed to have the land partitioned, and irreparable damages would result from a breach by plaintiff of the family agreement. Whereupon it was prayed, (a) that the father and mother should be made parties; (b) that the interest of all parties in the described real and personal property be fully protected by decree; (c) that specific performance be decreed; (d) that injunction issue; and (e) that the court frame such decree as would meet the exigencies of the case. By order of court the father and mother were made parties defendant, and allowed a given time in which to answer. Within the time provided answer was filed by them, in which they adopted the answer filed by the original defendant. The plaintiff moved to strike each and all of paragraphs five to nineteen, inclusive, of the original defendant's answer, on the ground that no defense was set up therein. He also moved to strike the answer of the defendants who were made parties by amendment, on the grounds, (a) that they were not proper parties; (b) that the answer set forth no defense. The court overruled the motions to strike, and the plaintiff excepted

pendente lite. On the trial the plaintiff objected to certain evidence submitted by the defendants which tended to prove the parol agreement among the family which was set up in the portion of their answer which plaintiff had moved to strike, the objection being, in substance, that such evidence was irrelevant, and its purpose was to set up an express trust by parol evidence. The court admitted the evidence. ·A verdict was rendered in favor of the defendants. The plaintiff made a motion for new trial, in which complaint was made of the admission of the evidence above referred to. The motion was overruled. A bill of exceptions was ·subsequently certified, ·in which error was assigned on the exceptions pendente lite, and also on the order overruling the motion for a new trial.

J. A. Beazley and Noel P. Park, for plaintiff.

A. G. Golucke and Samuel H. Sibley, for defendants.

ATKINSON, J. 1. The facts of this case in substance are similar to those involved in the case of Wilder v. Wilder, 138 Ga. 573 (75. S. E. 654). In that case the property involved was bought with money belonging to the defendant, her sister, and her son, under a parol agreement that the title should be made to the son, and that the property should be held for the defendant, subject to the right of the sister and son to live in the house as long as the defendant occupied it as a home; and it was held that the effort was to create an express trust by parol, which, under our statute, can not be done. That ruling when applied to the facts of the present case is controlling. Accordingly, the court erred in refusing, on motion, to strike so much of the answer of the defendants as sought to set up the parol contract in reference to the land. Counsel for defendant in error strongly rely upon the ruling in the case of Holmes v. Holmes, 106 Ga. 858 (33 S. E. 216). That case, however, is distinguishable from the case of Wilder v. Wilder, supra, and the present, in that the ruling there made was based upon the holding that the grantee in the deed to the property in which the trust was sought to be set up paid no part of the purchase-money for the property. The opinion laid stress upon the point that the grantee named in the deed paid no part of the purchase-money, and thereby indirectly recognized the principle ruled in the case of Wilder v. Wilder.

2. The ruling above announced does not apply to the personal

property involved in the suit. According to the allegations of the plea, the personal property was paid for with funds common to all the family and title to it was not placed exclusively in the plaintiff and the original defendant, as was done in regard to the land. Under such circumstances it was competent for the defendants to set up and, upon proof, enforce the alleged parol agreement relatively to the personal property.

3. The plaintiff's mother and father, by the terms of the plea, were alleged to have such an interest in the personal property as to render them proper parties to the suit.

*Judgment reversed. All the Justices concur.*