### DeLOACH *et al. v.* JEFFERSON.

HILL, J. 1. An express trust can not be engrafted on a deed by parol. Civil Code (1910), § 3733; *Wilder* v. *Wilder,* 138 *Ga.* 573 (2), 576 (75 S. E. 654).

2. Under the evidence in this case no implied trust was created, and the plaintiffs were not entitled to the relief sought. Civil Code (1910), §§ 3732, 3740, 3741.

3. The court did not err in granting a nonsuit.

      *Judgment affirmed. All the Justices concur.*
      SEPTEMBER 21, 1914.

Equitable petition. Before Judge Charlton. Chatham superior court. January 27, 1913.

Butler and Gilbert DeLoach brought suit against Martha Jefferson, and alleged substantially the following: On June 26, 1890, W. W. Williamson as trustee conveyed to Alice DeLoach a described parcel of land in Chatham county, containing 4.84 acres. The purchase-money for the land was paid to the trustee by the plaintiffs, their father (Edward DeLoach), "and said defendant." The deed was taken in the name of Alice DeLoach, who was the wife of Edward DeLoach and the mother of the plaintiffs and of Martha Jefferson, with the distinct understanding and agreement that upon the death of Alice DeLoach the land should go to her heirs at law and be equally divided between them, which agreement was well known to Martha Jefferson, as well as the fact of the payment of the

purchase-money as above set out. On June 25, 1904, Alice De-Loach conveyed to Gilbert DeLoach a lot of land 47 by 100 feet, this being a part of the land before described; and on April 27, 1895, she conveyed to Butler DeLoach a lot of the same dimensions from the same land. She also gave to Butler DeLoach lot number 2 of the same parcel, having a front of 42 feet and a depth of 100 feet, and immediately adjacent to the other lot, number 1. No deed was executed to this lot, but Butler DeLoach went into possession of it about fourteen years ago, made improvements on it, and has continued to live on it. Alice DeLoach gave to Martha Jefferson a lot on the northwest corner of the original parcel, approximately 42 feet front and 100 deep, of which Martha took possession, and still holds possession; but no deed was made to her. All these lots were conveyed by Alice DeLoach by the mutual consent of all the parties at interest. Notwithstanding the agreement with reference to the purchase of the land, Alice DeLoach made a will under which she devised to Martha Jefferson what remained in the original parcel of land, after taking from it the portions before conveyed. The will has been duly probated, and Martha Jefferson is in possession of the remainder of the land. Edward DeLoach died intestate, and the plaintiffs and defendant are his only heirs at law. Each of them is entitled to an undivided third interest in the remainder of the land. The plaintiffs have made demand on Martha Jefferson for their interest, but she refuses to convey it to them, claiming that by virtue of the will of their mother she is entitled to the entire tract. By virtue of the understanding and agreement at the time of the execution of the deed, Alice DeLoach held the land for the benefit and use of the plaintiffs and the defendant, and on her death plaintiffs were entitled to their undivided interest in it. They pray for decree so adjudging, declaring the devise to be void, and ordering that the property be so divided that each of plaintiffs and the defendant shall have one third of it in fee. The defendant in her answer denied each and every material allegation of the petition. The evidence did not show that any definite amount was paid by the plaintiffs. A nonsuit was granted, and they excepted.

*George W. Owens,* for plaintiffs.

*U. H. McLaws* and *Travis & Travis,* for defendant.