JENKINS *et al. v.* GEORGIA INVESTMENT COMPANY *et al.*

GILBERT, J. 1. Where A and B jointly buy land, each paying one half of the purchase-money, and the title is taken in the name of a third party or parties, a trust in favor of A and B will be implied; and where B subsequently goes into possession of the land to the exclusion of A, a court of equity will decree A to be a tenant in common with B

to the extent of a one-half undivided interest. Civil Code, § 3739; Bispham's Eq. (9th ed.) §§ 80, 83, and notes; Perry on Trusts (6th ed.) §§ 138, 139, and notes; *Wilder* v. *Wilder*, 138 *Ga.* 573 (75 S. E. 654); *Pound* v. *Smith*, 146 *Ga.* 431 (91 S. E. 405).

2. Under our statute an express trust must be created or declared in writing. Therefore where two persons agree that they will jointly purchase a tract of land for the purpose of making thereon certain improvements, and that the same are to be used for stipulated purposes, and for temporary purposes the legal title to the land is, by consent and acquiescence, made directly to designated persons as trustees for the joint purchasers, such agreement constitutes an express trust and must be declared in writing.

3. The facts set forth in the next preceding headnote will not authorize a reformation of the deed conveying the land to third parties, because an express trust cannot be engrafted on a deed by parol. Civil Code, § 3733; *Wilder* v. *Wilder*, supra; *DeLoach* v. *Jefferson*, 142 *Ga.* 436 (83 S. E. 122). Besides, it does not appear from the allegations of the petition that the deed in question did not express the intention of the parties, nor is it alleged that anything was omitted therefrom by fraud, accident, or mistake.

4. As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner it must appear that the person in possession has given notice, or there must be circumstances shown which would be equivalent to notice to the owner that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice. Until the owner has such notice he has the right to treat the possession of the other person as his own. Civil Code, § 3782; *Teasley* v. *Bradley*, 110 *Ga.* 497, 501 (35 S. E. 782, 78 Am. St. R. 113). The same principles apply to the objection that the claim is a stale demand. *Stanley* v. *Reeves*, 149 *Ga.* 151 (99 S. E. 376).

(*a*) The defendant in the present case is alleged to be the grantee of the persons receiving legal title to the land under the implied trust, but it is also alleged that the defendant was the equitable owner of a one-half undivided interest with the plaintiff, and that the defendant took the title and went into possession of the whole of the land with notice of the plaintiff's equity and had recognized plaintiff's interest until June 5, 1918, when the defendant for the first time denied the plaintiff's rights and gave notice of its intention to claim the entire interest in the land.

5. Applying the principles announced in the foregoing notes, the court erred in sustaining the demurrers and dismissing the petition as a whole. In so far as the petition sought a decree establishing an implied trust entitling plaintiff to a one-half undivided interest in the land, it set out a cause of action and was not subject to the general demurrer.

*Judgment reversed. All the Justices concur.*

No. 1368. OCTOBER 15, 1919.

Equitable petition. Before Judge Kent. Laurens superior court. March 8, 1919.

The petition relates the following case: On November 14, 1901, the prospective corporation to be known as Georgia Investment Company was in process of formation and organization. Daniel Cummings was a prospective stockholder and officer of this proposed corporation, and interested in its organization. D. W. Williams was then a member of Land Mark Lodge No. 64 A. F. & A. M., on behalf of which the petition is brought. On the date mentioned Williams, acting for the lodge, and Cummings, acting for the proposed corporation, agreed that they would jointly purchase a certain tract of land in the city of Dublin, described in the petition, upon which it was proposed there should be erected a two-story brick building, the first story of which was to be used by the proposed corporation and the second story to be used by the plaintiff for lodge purposes. It is alleged, "that for temporary purposes the legal title to said lot of land was, by the consent and acquiescence of petitioners, made directly unto the said Daniel Cummings and D. W. Williams, as trustees for your petitioners and the said defendant corporation then in process of formation." It was understood that upon procurement of charter by the proposed corporation Cummings and Williams would convey to it, as trustee for itself and the lodge, title to the land; that the proposed corporation would within a reasonable time construct the first story of the building; that the lodge would then construct the second story of the building, and when this had been done the proposed corporation would execute to the lodge good and sufficient legal title. Pursuant to this agreement the lodge furnished one half of the purchase-price of the land; the title was taken in the name of Cummings and Williams, who, on August 23, 1904, conveyed the land by deed to Georgia Investment Company for a recited consideration of $400; but no money was paid by the corporation for the conveyance, and it was executed in accordance with the agreement between Cummings and Williams, already stated. Since the making of said conveyance the lodge has, through committees appointed for that purpose, on divers occasions and at least annually, urged the Georgia Investment Company to proceed with the construction of the first story of the building on said lot in accordance with the agreement. The company has rendered first one and then another excuse, usually that it "was not quite ready from a financial standpoint to carry out the object of the original

undertaking." On March 6, 1918, the lodge in writing proposed to the company that the latter should carry out the original agreement by erecting the first story of the building, or that it make to the lodge a conveyance of the interest of the company in the land upon the basis of $60 per front foot, the then value of the land, or that the lodge would convey to the company its own interest upon the same basis. On June 5, 1918, the company for the first time refused to carry out the agreement above stated, and acquainted the lodge with its apparent design to appropriate and confiscate the property to its corporate uses. During all the years since the execution of the conveyance to Williams and Cummings and by them to the Georgia Investment Company the lodge has relied upon Cummings' honor to carry out the original agreement, and he has time and again agreed to do so, but the Georgia Investment Company through Cummings is now undertaking to abuse petitioners' confidence by claiming the absolute title to the property. Petitioner is the equitable owner of an undivided half interest in said property; the present condition of the legal title operates as a gross injustice to it, and gives to the defendant corporation an unconscientious advantage. Williams is dead, his estate has been fully administered, and the administrator discharged; but the petition joins as parties defendant all his heirs at law. Cummings is not made a party. The prayers are: (1) that a trust be implied in favor of the lodge, that it be decreed to be the beneficial owner of an undivided half interest in the land, and that the Georgia Investment Company is a trustee accordingly in its behalf; (2) that the deed from Williams and Cummings to Georgia Investment Company, exhibited with the petition, be so reformed as to embody the true and correct understanding between the parties; (3) that the plaintiff have judgment against the Georgia Investment Company to cover damages accruing from the breach of the contract; (4) for general relief; (5) for injunction to prevent the disposition or encumbering of the property; and (6) for process.

The Georgia Investment Company demurred generally upon the grounds: (a) No cause for relief of any kind is set forth by the petition. (b) From its allegations it appears that the plaintiff is not entitled to any relief sought. (c) The claim set up is barred, is a stale demand, and petitioner has been guilty of such

delay and laches as will prevent a recovery.  (d) It appears that Williams, who committed fraud against petitioner, is dead, his estate has been administered, the administrator discharged; and during all these years petitioner has shown no vigilance nor taken any steps which would justify a court of equity or law in interfering.  The court dismissed the petition, and the plaintiffs excepted.

*R. Earl Camp,* for plaintiffs.  *R. D. Flynt,* for defendants.