12855.　CHAMLEE *v.* ROBERTS, executrix, *et al.*

BROYLES, C. J. 1. Where any suit is instituted by the personal representative of a deceased person, the other party to the case is incompetent to testify in his own favor as to transactions or communications which he or any other person had with the decedent. Civil Code (1910), § 5858 (1); *Wilder* v. *Wilder*, 138 *Ga.* 573 (6) (75 S. E. 654). Under this ruling and the facts of the instant case, the court did not err in holding that the defendant was incompetent to testify in reference to certain facts as set forth in the bill of exceptions.

2. The petition as amended was filed by Mrs. H. L. Roberts, as the executrix of the estate of H. L. Roberts, deceased, doing business in the name and style of "Canton Jewelry Company," and by the Canton Jewelry Company. Under the facts of the case, however, as disclosed by the record, the Canton Jewelry Company, as a corporation, was not interested in the suit, and the other plaintiff, Mrs. Roberts, as executrix of the estate of H. L. Roberts, deceased, had the right to collect the accounts sued on. The verdict was in favor of the "plaintiff," and the judgment was "that the plaintiff, Mrs. H. L. Roberts, executrix of H.

L. Roberts, deceased, doing business as 'Canton Jewelry Company,' do recover of the defendant "the amounts set forth in the verdict. Under these circumstances the action of the court in excluding the documentary evidence offered by the defendant to show that the corporation known as the "Canton Jewelry Company" had been dissolved, and that, therefore, no suit could be maintained by it or any judgment rendered in its favor, if error, was not prejudicial to the defendant, and does not require another trial of the case.

3. Counsel for the plaintiff in error make in their brief the point that the suit was brought by Mrs. H. L. Roberts as executrix, while the evidence shows that Mrs. Mildred G. Roberts was the duly nominated and appointed executrix of the estate of the decedent, and that therefore no authority appears for the bringing of the suit by Mrs. H. L. Roberts as executrix. The petition states that Mrs. H. L. Roberts is the executrix of the estate of the deceased, and this statement is not denied in the defendant's answer. Under these circumstances it is too late to raise this question for the first time in the brief of counsel for the plaintiff in error.

4. The court did not err in directing the verdict rendered or in entering up judgment thereon.

*Judgment affirmed. Luke and Bloodworth, JJ., concur.*

DECIDED JANUARY 17, 1922.

Complaint; from Cherokee superior court — Judge Blair. August 3, 1921.

*E. M. McCanless, J. Z. Foster,* for plaintiff.

*John S. Wood, Anderson & Roberts,* for defendants.