ROMANO *v.* FINLEY, executor.

HILL, J. 1. "As between husband and wife, parent and child, and brothers and sisters, payment of purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted." Civil Code (1910), § 3740.

2. "Where a husband pays the purchase-money of land from his own funds and has the land conveyed to his wife, the presumption which the law raises is that the husband intended to make a gift to his wife; but the presumption is a rebuttable one, and a resulting trust in favor of the husband may be shown. Parol evidence of the nature of the transaction, or the circumstances, or the conduct of the parties, is admissible to rebut the presumption of a gift; but in order to rebut the presumption of a gift the proof must be clear and convincing. The trust, which arises in such a case from the facts and the nature of the transaction, is not destroyed by the express verbal, and therefore unenforceable, agreement of the wife to hold the title for the use of the husband." *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236).

3. Applying the rulings quoted in the preceding notes, the petition alleged a cause of action, and the jury was authorized to find that a resulting trust was created in favor of the husband.

4. The grounds of the motion for new trial do not show error. The exceptions to rulings on admissibility and rejection of evidence, and to the charge of the court and refusal to charge, are without merit.

5. The evidence authorized the verdict, and the judge did not err in refusing a new trial. *Judgment affirmed. All the Justices concur.*

No. 7911. FEBRUARY 23, 1931. REHEARING DENIED FEBRUARY 28, 1931.

*Harold E. Roland* and *R. B. Blackburn,* for plaintiff in error.
*Etheridge, Peck & Etheridge,* contra.