*Thomas L. Slappey, Ben C. Williford,* for plaintiff.
*Slaton & Hopkins,* for defendant.

21800. WHITWORTH *et al.,* administrators, *v.* OLIVER.

672

*Wheeler & Kenyon,* for plaintiffs in error.

*Lamar C. Rucker, John D. Elliott, R. W. Smith Jr.,* contra.

Stephens, J. Mart Oliver brought suit against E. F. Whitworth and others as the representatives of the estate of S. S. Carter, deceased. In the petition it was alleged: that, about the year 1897, the plaintiff, while in the employ of Carter, received a personal injury for which he was paid $1,000 by a telephone company, that Carter took possession of the money for the purpose of·keeping it for the plaintiff's benefit until he should attain old age and need it, and that the plaintiff acquiesced in this, that the plaintiff continued to work for Carter until Carter's death in March, 1929, and that Carter had never paid the plaintiff the money. There was another count in the petition, in which the plaintiff sought to recover $8,930, as an amount due him for wages over a long period of years, which Carter, under an agreement with the plaintiff, had retained for the plaintiff's benefit until the plaintiff should attain old age, and which had never been paid to the plaintiff. The petition was demurred to upon the ground that it set out no cause of action, was multifarious, did not show that Carter's relationship to the fund was that of a trustee, and that the action appeared to be barred by the statute of limitations. The demurrer was overruled, and the judgment overruling the demurrer was excepted to. The defendants filed a plea of general denial, and also pleaded the statute of limitations, and that the plaintiff was barred by his laches and negligence.

There is evidence, from several witnesses, that Carter, on different occasions, admitted that he had possession of the $1,000 which

the plaintiff had received from the telephone company in settlement of a claim for personal injuries, and that Carter, believing that the plaintiff would make away with the money, was keeping it for the plaintiff's benefit. There is evidence that about three or four months before Carter died he admitted that he was saving the plaintiff's money for the plaintiff's benefit and until the plaintiff should reach old age, when he would have something to live on. The only evidence as to there having been any demand made by the plaintiff upon Carter for the money was that "something like three years before" Carter died, the plaintiff and Carter talked about the $1,000, and the plaintiff asked Carter to let him have the money for the purpose of buying a surrey, and that Carter at the time refused to give the plaintiff any money, and told the plaintiff that he didn't need the money, and that Carter would keep it for the plaintiff until he became disabled. There is evidence, from the testimony of one witness, that the plaintiff told the witness that he wanted the $1,000 and the witness communicated this fact to Carter. It does not appear when this was. There is no evidence that Carter had not paid the money to the plaintiff or that there had not been an accounting between them. The plaintiff testified that he had a suit against the telephone company for personal injuries and that he signed some papers in connection therewith, but that no money was ever paid to him. The plaintiff did not testify as to any transaction between him and Carter or that Carter had never paid him the money. The absence of such testimony from the plaintiff was no doubt due to the fact that Carter was dead and such testimony would have been inadmissible. The plaintiff testified also that he was one hundred and three years of age.

The evidence was amply sufficient to authorize the inference that Carter had received the $1,000 belonging to the plaintiff and which had become due the plaintiff from the settlement of a suit for personal injuries which the plaintiff had filed against a telephone company, that Carter had kept this money for the plaintiff's benefit, and three or four months before Carter died had not paid it to the plaintiff, and that if the plaintiff made any demand upon Carter for the money the demand was made not earlier than three years prior to Carter's death. While there is no evidence that the plaintiff had never been paid the money, there is evidence that, about three or four months prior to Carter's death, the plaintiff had

not been paid. If Carter did not pay the money within this period there is certainly no presumption, from lapse of time, that he paid it before he died. The debt certainly did not become barred within this period, and "no presumption of payment arises from simple lapse of time until the statutory bar attaches." *Thomas* v. *Hunnicutt*, 54 *Ga.* 337. The defendants filed no plea of payment. They denied that Carter had ever received the plaintiff's money. If Carter came into possession of the plaintiff's money and had not paid the plaintiff a few months before he died, it is clearly inferable that Carter died without paying the plaintiff.

Where a person comes into possession of money belonging to another, and retains it for the latter's benefit, and this is acquiesced in or agreed to by the owner of the fund, and there is no agreement as to when the money shall be paid, or if it is agreed that the money shall be held for the owner's benefit until the latter reaches an old age, the owner will, on demand, be entitled to payment, or will be entitled to payment when he reaches the age at which, under the terms of the agreement, the money should be paid him, provided the agreement in this respect is sufficiently specific. It is not essential to the owner's right to recover the money that the person holding the fund shall stand in relation thereto as a trustee. The owner can recover upon his right to the money, irrespective of the legal relationship between the parties. Where there has been no accounting between the parties and no notice to the owner of the fund by the person in possession of it that he no longer holds it for the owner's benefit but claims it himself, the statute of limitations does not run against the owner's right to maintain a suit for the fund against the person so holding it, until the owner has made a demand for the fund and payment has been refused, or there has been such a lapse of time that the law would presume a demand and refusal. *Oliver* v. *Hammond,* 85 *Ga.* 323 (11 S. E. 655); *Teasley* v. *Bradley,* 110 *Ga.* 497 (35 S. E. 782, 78 Am. St. R. 113); *Rucker* v. *Maddox,* 114 *Ga.* 899 (41 S. E. 68); *Barber* v. *Barber,* 125 *Ga.* 226 (53 S. E. 1017); *Greer* v. *Andrew,* 133 *Ga.* 193 (65 S. E. 416); *Jenkins* v. *Georgia Investment Co.,* 149 *Ga.* 475 (100 S. E. 635); *Pickens* v. *Jackson,* 152 *Ga.* 100 (108 S. E. 536). Where a person thus holding another's money continues until his death to hold it for the owner's benefit and dies without having paid it to the owner, a demand by the owner upon that person is not

essential to the owner's right to recover the money from the representatives of the estate. The death of the person holding the money renders him unable to perform his undertakings with respect to the money, and therefore terminates the contract or arrangements between him and the owner, and gives the owner of the money the right to recover it from the representatives of the estate.

The verdict found for the plaintiff in the sum of $1,000 was authorized by the evidence under the first count of the petition, provided it does not appear from the evidence that as a matter of law the plaintiff's claim was barred by the statute of limitations.

The jury were authorized to find that the $1,000 claim was not barred by the statute of limitations. As far as appears from the evidence the statute could not begin to run prior to the date when the plaintiff asked Carter to let him have the money with which to purchase a surrey, which time, according to the evidence, was "something like three years before" Carter died. Carter's refusal at this time to pay the money was not upon the ground that it did not belong to the plaintiff, but was upon the ground that the plaintiff did not then need it and Carter was saving it for the plaintiff's benefit. It further appears from the evidence that "about three or four months before" Carter died he stated, in referring to this money, that he was saving it for the plaintiff's benefit so that the plaintiff would have something to live on when he got old. Since Carter's refusal, when the plaintiff demanded the money, did not deny the plaintiff's right and title to the money, and since Carter thereafter continued to hold the money for the plaintiff's benefit and until the plaintiff would need it, and since the plaintiff, by non-assertion of his right other than demanding the money acquiesced in the situation, and the status was not changed, Carter continued, as originally, to hold the money for the plaintiff's benefit, and the statute of limitations did not begin to run in Carter's favor from the date of the plaintiff's demand and of Carter's refusal to pay, where the refusal was based upon the ground that Carter would continue to hold the plaintiff's money for the plaintiff's benefit. Nor is the plaintiff's claim barred as a stale demand. *Jenkins* v. *Georgia Investment Co.,* supra. It certainly was not a stale demand if it was recognized by Carter "about three or four months before" he died. Besides, the period of limitation was four years, and under no view of the evidence was the plaintiff's claim barred at the time of Carter's death.

676

The petition as to the first count set out a cause of action which was not barred by the statute of limitations.

The evidence was insufficient to sustain the second count of the petition in which the plaintiff sued for wages which he alleges Carter had held back and failed to pay him. The defendants' counsel concede in their brief that the jury found for the plaintiff on the first count of the petition and "rejected all claims for wages." It is therefore immaterial whether the petition was multifarious or whether the second count failed to set out a cause of action or was in any wise subject to demurrer.

The court did not err in overruling the demurrer, or in overruling the defendants' motion for a new trial, which was based upon the general grounds only.

*Judgment affirmed. Jenkins, P. J., concurs. Sutton, J., disqualified.*