SHAPRIO *v.* STEINBERG *et al.*

No. 9022. NOVEMBER 16, 1932.

*M. L. Kahn,* for plaintiff in error.
*Hendrix & Buchanan,* contra.

BELL, J. On December 1, 1931, Charles Steinberg and David A Steinberg filed an equitable petition against Mrs. Debbie Shaprio. The case comes to this court upon exceptions by the defendant to the overruling of her general demurrer. The case as made by the petition was substantially as follows: Norton I. Steinberg, late of Fulton County, Georgia, died intestate on March 6, 1930, leaving these plaintiffs and the defendant as his sole heirs at law, the plaintiffs being the only children and the defendant being the surviving widow of the intestate. The defendant has lately married again, and is now Mrs. Debbie Shaprio. The decedent at his death was seized and possessed of described real estate situated in Fulton County and elsewhere, all of which descended by inheritance to the plaintiffs and the defendant as heirs at law. Soon after the death of Norton I. Steinberg, the defendant urged and requested the plaintiffs to convey to her their respective interests in the estate, representing that in consideration of such a conveyance she would provide a residence or living quarters for each of them, as well as their families, in the real estate situated in Fulton County; and also that, since she "had no present intention of ever marrying again," she desired the use of the property only for and during her natural life, and upon her death would "convey by will" to the plaintiffs or their heirs "all of the property thus transferred and conveyed to her," but that in the event of her remarriage "she would at that time by deed convey to your petitioners each a one-third interest in all of the property left at the death of the said Norton I. Steinberg." Relying upon these representations, the plaintiffs con-

veyed to the defendant all of their right, title, and interest in the real estate referred to, and "went into possession of a portion of each of said properties, which under the agreement of the said defendant they were authorized to do." Since the remarriage of the defendant to Shaprio, "defendant has refused to carry out her agreement in regard to the reconveyance," and has also refused to allow the plaintiffs to reside upon the premises provided for them under the agreement made by her, ordering and directing the plaintiffs to vacate the premises, and threatening legal action to force them to do so. The agreement made between the parties has been performed on the part of the plaintiffs by the conveyance of their respective interests in the property, and "said contract should be specifically performed by the defendant on her part. . . The granting to your petitioners by the said defendant of the right to the use of the premises hereinabove described in Fulton County, Georgia, for and during the natural life of said defendant, is a valuable right and one that your petitioners are entitled to under their contract, they having performed the same on their part to the full extent." The contingency provided in the agreement for the reconveyance "of a one-third interest in the real estate, . . namely, the remarriage of the said defendant," has now happened, and the plaintiffs "are entitled to bring this action for the specific performance of all of the agreement on the part of the defendant," she having refused to perform the same. The defendant having married again and having made known to the plaintiffs that she does not intend to carry out any of the "terms of said agreement," the plaintiffs will have no remedy by which they can enforce "the terms of their said contract" upon the defendant's death, unless she is restrained and enjoined from conveying, disposing of, or otherwise changing "the status of her said properties." "The agreement on the part of the defendant to convey said properties to your petitioners or their heirs by will upon her death and to keep and maintain the same for her use during her life gives the said defendant the equivalent only of a life-estate in said properties with remainder over to your petitioners or their heirs, and your petitioners show that a court of equity should decree that said defendant have only a life-estate in said properties, and that the remainder interest be decreed to be in your petitioners or their heirs upon the death of the said defendant." The total value of the properties in question is approximately $15,-

000, and the rents and income therefrom amount to about $150 per month. "The defendant is collecting and appropriating to her own use all of the income from said properties, although said defendant specifically agreed with your petitioners that upon her remarriage she would convey to your petitioners each a one-third interest therein." The plaintiffs "are entitled to an accounting from the said defendant of all rents and income from said properties up to and including the date of the marriage of the said defendant with the said I. Shapiro, and . . this court should appoint a receiver to take charge of said properties, collect the rents, issues, and profits therefrom, and hold the same subject to the further order of this court. Unless said defendant is restrained and enjoined from carrying out her threats of ousting your petitioners, and unless she is restrained and enjoined from alienating the properties hereinabove described, your petitioners will have no remedy by which they can enforce the terms of their said contract, which is herein set out."

The petition contained, among others, the following prayers: (1) That the defendant be restrained and enjoined from carrying out her threats to oust the plaintiffs from the premises which they now occupy, and from selling or otherwise disposing of any of the real estate described in the petition, or from changing the present status of the same. (2) "That the contract made by the defendant" to allow the plaintiffs to live upon and occupy the premises "be enforced by proper decree for and during the natural life of the said defendant." (3) "That by appropriate decree of this court your petitioners be awarded a one-third undivided interest each in said premises and an accounting for rents, issues, and profits from the date of the remarriage of said defendant." (4) That a receiver be appointed to collect the rents, issues, and profits arising from the property, and to hold the same subject to the order of the court. (5) "That your petitioners have such other and further relief as to the court may seem proper."

The petition shows that the plaintiffs as the only children and the defendant as the widow inherited certain real estate from the plaintiffs' father, and that the plaintiffs thereafter conveyed their interests to the defendant in consideration of an oral agreement by the defendant, (1) that, if she did not marry again, she would at her death leave a will restoring to the plaintiffs or their

heirs at law the property thus conveyed; (2) that in case of her remarriage she would immediately reconvey the property by deed; and (3) that until the happening of one or the other of these events, namely, the defendant's death or remarriage, the plaintiffs with their families would share the use of the property with the defendant. All of the other allegations and the prayers are based upon this agreement, and the plaintiffs expressly rely upon it as a contract. In undertaking to enforce the agreement as to the joint use of the property, the plaintiffs are attempting to assert an express trust by parol, and this can not be done. *Wilder* v. *Wilder*, 138 *Ga.* 573 (2) (75 S. E. 654); *Jones* v. *Jones*, 138 *Ga.* 730 (75 S. E. 1129); *Clinard* v. *Clinard*, 169 *Ga.* 199 (2) (149 S. E. 788); Civil Code (1910), §§ 3732, 3733. The cardinal rule for the construction of a petition is to ascertain the intention of the pleader, and this is done by a consideration of all the allegations and prayers. *Cook* v. *Grimsley*, 175 *Ga.* 138 (165 S. E. 30), and cit. The petition shows no intention on the plaintiffs' part to allege facts and circumstances authorizing the inference of an implied trust, but as to this feature the whole purpose is to declare upon the parol agreement as an enforceable obligation. Cf. *Johnson* v. *McComb*, 49 *Ga.* 120; *Jackson* v. *Jackson*, 150 *Ga.* 544 (104 S. E. 236); *Jenkins* v. *Lane*, 154 *Ga.* 454 (4) (115 S. E. 126); *Stonecypher* v. *Coleman*, 161 *Ga.* 403 (131 S. E. 75); *Romano* v. *Finley*, 172 *Ga.* 366 (2) (157 S. E. 669). Accordingly, no question as to an implied or resulting trust or as to a constructive trust is presented. The petition failed to set forth a cause of action relating to the joint use of the property.

■ Under the averments of the petition, the defendant agreed to leave a will devising the property to the plaintiffs or their heirs at law only in case she did not marry again. Since it appears that she has married again, the agreement to make a will has become inoperative, without fault or breach of obligation on the part of the defendant. But the plaintiffs further rely upon the defendant's promise to reconvey the property to them upon her remarriage. This promise was not in writing, but it was a part of the agreement whereby the plaintiffs conveyed to the defendant their interests in their father's estate; and the contract having been fully executed by the plaintiffs, the statute of frauds is not applicable and equity will decree a specific performance of the defendant's promise. *Stringer*

v. *Stringer,* 93 *Ga.* 320 (20 S. E. 242) ; *May* v. *Sorrell,* 153 *Ga.* 47 (3) (111 S. E. 810) ; *Giradot* v. *Giradot,* 172 *Ga.* 230 (2) (157 S. E. 282). The unenforceable claim as to the joint use of the property was a separate matter from the plaintiffs' alleged right to have the property restored by the defendant through a will or a reconveyance. This is true because it appears that the alleged right of use was to terminate upon the death or remarriage of the defendant, when the plaintiffs were to become entitled to the property in their own right. Where a contract is not based upon an illegal or immoral consideration, the failure of a distinct part does not void the remainder. The fact that the plaintiffs can not enforce the agreement as to use does not prevent a recovery upon the promise to reconvey. Civil Code (1910), §§ 4228, 4227. The petition, having stated a cause of action for specific performance of the agreement to reconvey, was not subject to general demurrer. *Arteaga* v. *Arteaga,* 169 *Ga.* 595 (4) (151 S. E. 5).

*Judgment affirmed. All the Justices concur.*