BRYANT *v.* GREEN.

No. 9207. APRIL 14, 1933.

*W. O. Wilson,* for plaintiff in error.
*George P. Whitman,* contra.

RUSSELL, C. J. In 1914 H. G. Green married. The defendant in the present action at that time became his wife. They lived together until 1927, but subsequently his wife obtained a divorce and married, and thus became Mrs. Emily C. Bryant. In 1918 Green bought a lot and received a bond for title thereto, but upon payment of the purchase-money he had the deed made to his wife, she having expressed a desire that title to the property be in her name, with the understanding between petitioner and defendant that the property should in fact belong to him, and not be disposed of by his wife, "but the title thereto merely held by her for petitioner." He alleges, that, during the period when the parties lived together, two dwelling-houses and a garage were erected on the property, the entire cost of their construction being borne by the petitioner, who also paid the entire purchase-price stipulated in the bond for title; that the deed, though executed to the wife as grantee, was always retained in petitioner's own custody. Until a short time before the filing of the petition all rents were collected by petitioner and all taxes and insurance paid by him, and the defend-

ant never at any time asserted any claim of ownership in the property until January, 1932. She then took out a proceeding in bail-trover, demanding that petitioner deliver to her the deed to the property. He then filed the present petition alleging that the defendant holds the title to the property as trustee for petitioner. He prayed (1) that he be decreed to be the owner of the property and the title, and that defendant has had title under the deed of July 2, 1923, merely as trustee for petitioner; (2) that defendant be enjoined from collecting any of the rents or income, and from selling, encumbering, or otherwise altering the status; (3) that a receiver be appointed to take charge of the property and collect the rents; (4) that defendant be enjoined from the further prosecution of the bail-trover suit; and (5) that petitioner be decreed to be the owner of and entitled to possess the deed involved. The defendant excepted to the overruling of a general demurrer to the petition.

It is clear that the only question presented is whether the petition is sufficient to authorize a jury to find that, though the legal title was placed in Mrs. Green (now Mrs. Bryant), the equitable title was in fact in Green, the husband, as a resulting trust. The court below held that the circumstances detailed in the petition (admitted by demurrer to be true) were sufficient to impose an implied or constructive trust upon the property described. It appears from an amendment filed in response to special demurrer that the statements made by the wife to induce the execution of the deed were "verbal" or oral; and since under the Civil Code (1910), § 3733, an express trust can only be created by writing, the plaintiff must recover, if at all, upon an implied trust. Prima facie from the relationship of the parties, husband and wife, there would arise the presumption of a gift. But this presumption may be rebutted, and the rebuttal may be based upon oral evidence. Implied or constructive trusts afford an instance of an exception to the statute of frauds. §§ 3735, 3739, 3740. This has long been held by this court. "Express trusts are those created and manifested by agreement of the parties. Implied trusts are such as are inferred by law from the nature of the transaction, or the conduct of the parties." § 3732. When the facts show the existence of an implied trust, equity requires no more than the trustee would be required to do in good faith and good conscience. "Trusts are implied—

1. Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another." § 3739; *Rives* v. *Lawrence*, 41 *Ga.* 283; *Stern* v. *Howell*, 160 *Ga.* 261 (127 S. E. 776). It is earnestly insisted by able counsel for the plaintiff in error that a "deed from husband to wife will not be changed so as to create a resulting trust, upon the husband's petition that the wife agreed not to exercise any control over the property." Counsel shows, by "parallel columns" in his brief, an apparent similarity between *Jackson* v. *Jackson*, 146 *Ga.* 675 (92 S. E. 65), and the case at bar. But there is one marked distinction between the two cases, in that an examination of the original record in the *Jackson* case shows that, with the separation and application for divorce, litigation over the property began dum fervet opus, whereas in the present case Mrs. Bryant asserted no ownership of or right in the property for several years succeeding her separation from the defendant in error. She was cognizant that the deed was in her name, and recorded, and still she permitted him to collect all the rents, issues, and profits for several years after she procured her divorce and remarried. We think the fact that at the time she commenced her action for divorce she made no claim to this property, and permitted Green to exercise all acts of ownership, such as collecting the rent, paying taxes and insurance, etc., is a circumstance which may be the equivalent of an admission. This would support an inference that the present claim of ownership is a mere afterthought, at variance with the true state of affairs, as indicated by the allegation of plaintiff's petition.

However, we consider the principle now involved to be controlled by an older adjudication of this court, that of *Wilder* v. *Wilder*, 138 *Ga.* 573 (75 S. E. 654). It is true that in the *Wilder* case the relationship was that of mother and son, rather than husband and wife as in the case at bar; but the principle stated in the Civil Code (1910), § 3740, is the same as to both relationships. In the *Wilder* case Mr. Presiding Justice Evans, speaking for the court, said: "As between parent and child, payment of the purchase-money by one and causing the conveyance to be made to another will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted. If the mother bought the property with her own money

and took the title in the name of her son, and nothing else appeared, then the transaction would be a gift. But if the title was taken in the name of the son under circumstances indicating that no gift was intended, and that the mother was to continue to be the owner of the property notwithstanding the legal title was put in the son, as between them a trust would result in the mother. Dyer *v.* Dyer, 1 Lead. Cases in Eq. 314; *Cottle* v. *Harrold*, 72 *Ga.* 830; 3 Pom. Eq. Jur. §§ 1037, 1038. In such cases the court may hear parol evidence of the nature of the transaction or the circumstances or conduct of the parties, either to imply or rebut the trust." In *Jones* v. *Jones*, 138 *Ga.* 730 (75 S. E. 1129), the ruling in the *Wilder* case was followed as controlling; and this court held that it was erroneous to overrule an appropriate motion to strike "certain portions of the plea of the defendants, which, in effect, sought by parol to engraft an express trust upon a deed to land, and subsequently to permit witnesses to testify in support of such portions of the plea, over the objection that the testimony sought by parol to establish an express trust as to land." In *Jenkins* v. *Ga. Inv. Co.,* 149 *Ga.* 475 (100 S. E. 635), it was held: "Where A and B jointly buy land, each paying one half of the purchase-money, and the title is taken in the name of a third party or parties, a trust in favor of A and B will be implied; and where B subsequently goes into possession of the land to the exclusion of A, a court of equity will decree A to be a tenant in common with B to the extent of a one-half undivided interest. Civil Code, § 3739; Bispham's Eq. (9th ed.) §§ 80, 83, and notes; Perry on Trusts (6th ed.); §§ 138, 139, and notes. In so far as the petition sought a decree establishing an implied trust entitling plaintiff to a one-half undivided interest in the land, it set out a cause of action, and was not not subject to general demurrer." In *Cottle* v. *Harrold,* supra, this court held that where land was bought for a firm, and paid for with money of the firm, and the title conveyed to two of the members of the firm, an implied trust arose in favor of such firm, and the members were the equitable owners and tenants in common, and could mortgage the land. See also *Roach* v. *Roach,* 143 *Ga.* 486 (85 S. E. 703); *Romano* v. *Finley,* 172 *Ga.* 366 (157 S. E. 669). The court did not err in overruling the general demurrer.           *Judgment affirmed. All the Justices concur.*