18429. SMITH v. LYNCH.

Submitted January 11, 1954—Decided February 9, 1954.

*Matthews, Maddox & Bell, Gross . & Smith,* for plaintiff in error.

*Maddox & Maddox,* contra.

Almand, Justice. The exception here is to an order sustaining general and special demurrers to a petition seeking legal and equitable relief.

The petition of Mrs. Guy Smith against George David Lynch, Jr., alleged the following: Prior to April 17, 1951, she was the owner of a frame duplex house in Rome, Georgia, and resided in one of the apartments thereof, the defendant, her son-in-law, and his family living in the other. · On that date she had been offered $15,000 for said property. The defendant offered to purchase the same for $10,000, with the right of the plaintiff to have a home in one of the apartments thereof for the balance of her life at no cost to her, and on that date she conveyed said property to him for $10 and other valuable considerations, and the deed was duly recorded. She did not require any agreement in writing from the defendant as to what the true consideration for said deed was as to her having the right of possession of an apartment on the premises for the balance of her life, because of the close relationship between the parties. The defendant borrowed $10,000 from a loan association in Rome and executed a security deed to the property to secure said loan. At the time of the closing of this loan the defendant was without funds to pay the closing cost, and the plaintiff advanced at least $400 to him to pay such cost, and the defendant is now indebted to her therefor, with interest. The defendant informed her that unless she would help him to make the monthly payments on the loan

to the extent of $24 per month, he would be unable to meet such payments, and he requested her to pay the sum of $24 per month, which she agreed to do, and under this arrangement she has paid $528 on this loan. The defendant has listed said property for sale, and the plaintiff has personally notified the real-estate agency having the property listed of her interest in the same, and has also notified one R. L. Kimsey of her interest and claim, but the defendant has made arrangements to convey said property to R. L. Kimsey for a consideration of $16,025, Kimsey to assume payment of $9,002.80 due on said loan and pay the defendant the difference between that amount and the agreed purchase price, said difference not to be paid until the defendant proved to Kimsey within thirty days that the defendant had settled the petitioner's claims against the property, and if this was not done, Kimsey would convey the property back to the defendant. The prayers of the petition were that the defendant be restrained from selling the property during her natural life without her consent, and for a judgment of $400, representing the closing cost advanced by her, and in lieu of the injunction that she be awarded $5,000 as damages, or such amount as might be reasonable and just, in consideration of the fact that she was being deprived of a home, and for judgment for the further sum of $528, representing the monthly payments she had made to the loan company, and that such award be declared a special lien on the property subject only to the lien of the loan association. The defendant filed general and special demurrers to the petition, all of which were sustained and the action was dismissed.

If the allegations of the petition are construed as alleging that the title to the property is in the defendant, it fails to set forth a cause of action for injunctive relief, because the plaintiff is attempting to assert an interest in the property by reason of an oral agreement between her and the defendant, wherein she claims that she has the right to use and occupy the premises which she occupies in the house for and during her natural life. This being an attempt to set up an express trust by parol, she obtained no interest under this alleged agreement. Code § 108-105; *Wilder* v. *Wilder*, 138 *Ga.* 573 (2) (75 S. E. 654); *Jones* v. *Jones*, 138 *Ga.* 730 (1) (75 S. E. 1129); *Shaprio* v. *Steinberg*, 175 *Ga.* 869 (1) (166 S. E. 767). Furthermore, it appears

from the petition that the plaintiff is in possession of the premises and no attempt has been made by the defendant to disturb her possession, and for this reason she would not be entitled to injunctive relief. *Hopkins* v. *Vance,* 153 *Ga.* 754 (2) (113 S. E. 157).

Nor did the petition state a cause of action for damages in lieu of injunctive relief, for the reason that the plaintiff's possession of the premises has not been disturbed, and as to whatever right of action, if any, she might have to recover damages on the basis of a breach of the contract, the present action is premature. See *Thomas* v. *Hudson,* 190 *Ga.* 622 (6) (10 S. E. 2d 396).

If the petition be construed as alleging that the title to the property is in Kimsey subject to the loan deed, it fails to state a cause of action for injunctive relief or damages by reason of interfering with her possession of the property, because the property has already been conveyed to Kimsey and there has been no interference or threatened interference by him with her possession.

However, the petition was not subject to general demurrer, for the reason that its allegations are sufficient as against such demurrer to authorize a recovery of the amounts she alleged she had advanced to the defendant to cover the closing cost of the loan, and had paid on the instalments of the loan. The allegations and prayers stated a cause of action for the recovery of these amounts, but not for injunctive relief or for a recovery of the sum of $5,000, or for the award of a special lien against the property for whatever sum is awarded; and the court did not err in sustaining the special demurrers pointing out these defects.

The plaintiff having obtained a substantial modification of the judgment of the trial court, the costs in the lower court of bringing the case to this court, as well as the costs in this court, are assessed against the defendant.

*Judgment affirmed in part and reversed in part. All the Justices concur.*