WILLIAM WATKINS, ZACHARIAH WATKINS, JESSE WATKINS and ERWIN WATKINS, plaintiffs in error, vs. GEORGE WASHINGTON WATKINS and JAMES E. BROADNAX, defendants in error.

[1.] An agreement to settle a doubtful right constitutes a valid consideration to support a contract; especially if it be an agreement to settle a family controversy; such an agreement will not be considered voluntary and without consideration, but will be enforced in equity as a fair family arrangement, independent of its being a compromise of doubtful rights.

[2.] When an agreement is entered into, upon sufficient consideration to sell real and personal property and divide the proceeds, and the same has been fully performed, on one side, the other party will be decreed to execute it in full, notwithstanding the agreement is by parol, and relates to land as well as negroes.

In Equity, from Muscogee county. Decision on demurrer by Judge WORRILL, May Term, 1857.

This bill was filed in the Superior Court of Muscogee county, by the four elder sons of Samuel Watkins, deceased, against his two younger children, seeking the specific performance of an agreement. They stated in their bill that Samuel Watkins died leaving six children, four by his first, and two by his second wife, and by his will left all his property, real and personal, to his wife for life, and afterwards to his two younger children. That the wife subsequently gave up all her claim to the life estate in the property, given to her by the will, so that the same vested immediately and absolutely in the two younger children. That being satisfied that Samuel Watkins (who was an old man and imbecile) had been unduly and fraudulently influenced in the making of his will, they (the plaintiffs) came to the determination to enter a caveat against the same and to contest its validity. That when this determination was made known to the defendants they knowing (as the plaintiffs believed they did know) that said caveat, if filed, would be successful, and the will set

aside, in July, 1855, agreed with the defendants that, in consideration of the plaintiffs omitting to file the caveat, they would sell the land and four negroes belonging to the estate and equally divide the proceeds of the sale with them, and that they, the plaintiffs, agreed that they would not file the caveat, or make any other objections to the will. That at the time this agreement was made, one of the plaintiffs, Erwin Watkins, resided in Arkansas, and received a letter from George Washington Watkins, one of the defendants, telling him that the old lady had given up her life estate, and that he and Broadnax (the other defendant, who was the husband of a daughter of the testator) were in possession of the property, and entitled to it under the will, but that for the love they bore to all, they intended to divide the property equally between all the children; that the sale would take place on the 2d Monday in December next, and asking him to come and get his share. That in consequence of this letter, he, Erwin Watkins, came from Arkansas in order to attend the sale of the property, and to get his share. That at the time and place appointed for the sale, all the children attended, but the defendants refused to carry out the agreement. The prayer of the bill was that the defendants might be decreed to sell and divide the property in question, and thus specifically to perform the agreement.

To this bill the defendants filed a demurrer on the following grounds:

1st. Because there is no equity in the bill, and proper parties are wanting. Betsy B. Watkins should have been made a party.

2d. Because plaintiffs remedy, if any, is full, adequate and complete at common law.

3d. Because said Court has no jurisdiction of this cause as made by complainants, in their said bill.

4th. Because no decree could be had upon the pretended promise made by one of these defendants, as alleged by complainants bill, because said promise, if made, was made

after the probate of said will, mentioned in complainants' bill, and was without any consideration, therefore a *nudum pactum.*

The chancellor sustained the demurrer and dismissed the bill, and to this decision plaintiffs excepted.

HOLT & HUTCHINS, for plaintiffs in error.

RAMSEY & CARITHERS, *contra.*

*By the Court.*—LUMPKIN, J. delivering the opinion.

The case made by this bill is certainly not very strong: still we are disposed to hold it up for an answer, especially if it be amended so as to state more positively the grounds for attacking the will of Samuel Watkins. True, the complainants do allege they were satisfied that the testator was old and imbecile, and had been unduly and fraudulently persuaded and influenced to make the will: and that they had come to the determination to contest the validity of the will; and made known their intention to the defendants, who, knowing the fact that the paper proven as the will of their common father was not his will, and that it would be set aside upon a hearing, agreed to sell the property, or a portion of it, and divide the proceeds equally with complainants, provided they would forbear to caveat the will, and that by reasons of said undertaking they did forbear to institute proceedings to vacate the will.

It is argued by counsel for the defendants in error, that complainants have ample remedy at law by suing and recovering damages for a breach of the contract. It is apparent, however, that the redress at law is not so suitable or complete as in equity.

Again, it is contended that this is a *nude pact ;* a promise without consideration. But the doctrine is, that an agreement to settle a doubtful right constitutes a valuable consid-

eration to support a contract. This too was an agreement to settle a family controversy, and in Bailey vs. Wilson, (1 *Dev. & Batt. Eq. Rep.* 182) it was held, Judge Gaston delivering the opinion of the Court, that if to prevent a contest about the probate of their father's will, certain brothers execute articles of agreement among themselves, providing for a more equal distribution of their father's estate, than that contained in his will, such agreement will not be considered as voluntary and without consideration; but will be enforced in equity as a fair family arrangement, independent of its being a compromise of doubtful rights. This case is very similar to the one at bar. The case of *Stapleton vs. Stapleton,* decided by Lord Hardwicke, proceeds upon the same principle. (1 *Atkins' Rep.* 10 and 11.)

[2.] As to its being an agreement concerning land, strickly this is not so; but it relates to a division of the proceeds of real estate, including personalty also. Besides, to say nothing of the expense and trouble incurred by one of the complainants, in coming in from Arkansas, to attend the sale and division, the complainants had executed fully the agreement on their part, by forbearing to file their caveat. It would be a fraud upon them not to compel its performance by the defendants. In *Neale vs. Neale,* (1 *Keen.* 68,) the agreement was by parol, and related to land; still its execution was decreed.

Judgment reversed.