### RUCKER *v.* MADDOX, executor.

114　899
125　　83
125　228

1. When a testator bequeaths to his wife a fixed sum to be paid to her annually during her life out of the income of his estate, or, if that be insufficient, then out of the proceeds of the corpus thereof, such annuity, though it begins to accrue from the death of the testator, is not, in the absence of any directions as to the time of payment, due to the legatee annually in advance, but may, in the discretion of the executor, having due regard to the condition of the estate and the collection of its income, be paid in instalments; provided that by the end of each year the legatee must receive the full amount of the annuity for that year.

2. Where a wife places a fund in the hands of her husband, under an agreement that he is to use and improve same for her benefit, with no time fixed for an accounting and settlement between them, the statute of limitations does not begin to run against her and in his favor until after a demand for a settlement and a refusal by him to pay.

3. In such a case the wife may, though, by the will of her deceased husband she is bequeathed specified property in kind and an annuity in money, and though by such will the testator disposed of all the property of which he died seized and possessed, maintain her action against his representative for the recovery in money of such an amount as may be due her upon an account and settlement, without being put to an election under the Civil Code, § 4013. This is so though it be alleged in her petition that in using and managing her

funds for the purpose stated he treated the same ostensibly as his own, and in consequence the increment thereof went into and became a part of the entire estate of which he undertook to make testamentary disposition.

Argued February 12, — Decided March 11, 1902.

Equitable petition. Before Judge Candler. Fulton superior court. May 28, 1901.

*Westmoreland Brothers*, for plaintiff: The claim is not barred by the statute of limitations, and is not a stale demand. 110 *Ga.* 497. The claim for profits on three pieces of real estate is distinctly set out in the petition, and the petitioner has the legal right to claim the profits on them. 73 *Ga.* 275 ; 85 *Ga.* 323; 107 *Ga.* 656. Petitioner is not claiming adversely to her husband's will; she has made a claim against his estate to the extent of the funds in his hands arising from the use of her money, or, if she fails to show any profit, the amount of money received by him, with legal interest on it. Civil Code, §3334; 107 *Ga.* 591. The annuity is in lieu of dower and year's support, and by analogy is due and payable to the widow on qualification of the executor. Civil Code, § 3465. Payment monthly by the executors is arbitrary on their part and without legal authority.

*Anderson, Anderson & Thomas*, for defendant: On the proposition that under the facts the plaintiff has elected to take under the will and is bound by that election, see Civil Code, §§ 4690, 3334; 5 *Ga.* 341, 355 ; 107 *Ga.* 591; 1 Woerner, Am. Law of Adm. 501, notes 6 and 7 ; 3 Jarm. Wills (5th Am. ed.), 704 and note ; Id. 2, and note ; 2 Id. 40, and note ; 54 Cal. 207; 18 Ill. 17; 51 Am. St. Rep. 203 ; 14 N. J. Eq. 52. As supporting the proposition that the facts here constitute a case where the necessity of election arises, see 107 *Ga.* 591, 599 – 602 ; Civil Code, § 4013; 2 Woerner, Am. Law of Administration, 1016, 1017 and notes ; 5 *Ga.* 341, 355; 3 Jarm. Wills, 704 ; 2 Id. 1 – 4 ; 51 Am. St. Rep. 203 ; Notes to 23 Am. St. Rep. 273 ; 21 Am. St. Rep. 901; 7 Cranch, 370 – 382 ; 1 Notes to U. S. Rep. 543 ; 14 N. J. Eq. 52. Claiming the proceeds of property is the same as claiming the property itself, as against a devise of it. 71 *Ga.* 566, 569, 570; 82 *Ga.* 687. The reason why the statute of limitations does not run in cases where it is held that an agency amounting to a quasi trust exists is, that in such cases the property in the hands of the trustee or agent is the property of the cestui que trust or the principal, and the pos-

session of the former is the possession of the latter, and the right of recovery is the right to recover the property itself, with its earnings. 85 *Ga.* 323; 110 *Ga.* 497, 502; 120 U.'S. 377, 386. As to what constitutes an express trust: Civil Code, § 3153; 8 *Ga.* 102 – 6; 46 *Ga.* 411. The statute of limitations begins to run when the trust or agency is disavowed, or the acts of the trustee or agent are inconsistent with that relation. 13 Am. & Eng. Enc. L. (1st ed.) 588; 7 *Ga.* 573; 77 Ind. 458. The statute is always available in cases of implied trust. 13 Am. & Eng. Enc. L. (1st ed.) 684; 8 *Ga.* 97; 71 *Ga.* 95; 14 Fed. Rep. 508. On the contention that plaintiff's claim is barred, see Civil Code, § 3768; 98 *Ga.* 552. Under the allegations in the petition, this is not a case for establishing an equitable lien; but if it is, there is a failure to trace the funds into any particular property on which the lien can be claimed. 19 Am. & Eng. Enc. L. (2d ed.) 13, and citations. The annual legacies were not payable in advance. Ordinarily the time for the payment of any legacy is after the expiration of one year from the time of qualification of the executors. Code, §§ 3421, 3439; 2 Woerner, Am. L. of Adm. § 454, n. 6; 72 *Ga.* 162.

LEWIS, J. In January, 1900, J. W. Rucker died, leaving a will by which he disposed of his entire estate, amounting to about $200,-000. To his wife, Mary J. Rucker, in addition to certain bequests of jewelry and household effects, he bequeathed an annuity of $10,000 per annum, with the payment of which the entire estate was charged. It was provided that this amount should be paid annually, and was to be in lieu of dower or any other interest which Mrs. Rucker might have in the estate, except as provided in the will. This amount was to be derived from the income of the estate, unless that should prove insufficient, in which event the executors were directed to sell or mortgage so much of the corpus as might be necessary to insure the payment of the annuity. Any excess of net income of the estate over the amount necessary to pay Mrs. Rucker's annuity was bequeathed to certain residuary legatees, and it was provided that upon the death of Mrs. Rucker the estate should be divided in a described manner among certain relatives of the testator. The executors were clothed with very broad powers, and were relieved of the necessity of obtaining any order of court to sell or mortgage the estate in accordance with the terms of the will. After the death of her husband, Mrs. Rucker brought suit against his

executors for an account and settlement.   Her petition alleged, in substance, that at the time of her marriage, in 1861, neither she nor her husband had any property of any consequence in their own right, but that several years thereafter, in 1870, she inherited from her father $12,000.   At that time J. W. Rucker did not own as much property as she.   At different times in 1872, and again in 1890, she placed in the hands of her husband sums aggregating this entire amount of $12,000, with the understanding that it was to be used by him for her benefit.   With her knowledge and consent, he used this money, in connection with funds of his own, in carrying on his business and trading in real estate, dealing in his own name, but at all times recognizing that he was using her money for her benefit.   She claimed that at the time of his death the profits arising from the use of her money amounted to at least one half of his estate.   The petition recited the execution of the will to which reference has been made, and alleged that the executors had, in violation of the expressed intention of the testator, arbitrarily fixed the time of payment of her annuity by the month, and that they were indebted to her in a considerable sum thereon.   It was also charged that undue influence was exerted upon the testator in the making of his will, but the petition contained no prayer that the instrument be set aside as void.   The prayers were, (1) for an accounting with the executors, that the amount left with J. W. Rucker as her trustee, and the times when left, may be ascertained and fixed ; (2) that the profits made thereon by J. W. Rucker while in possession as trustee may be determined; (3) that on failure to make satisfactory proofs as to profits, the amount of interest due on the trust fund may be ascertained; (4) for judgment against the executors for the amount to which she is entitled out of the estate of J. W. Rucker, and that this be declared a superior lien to all other claims against the estate; (5) for judgment against the executors for the balance due on her annuity, and interest; (6) for such other relief as may seem proper.   The defendants demurred to the petition, the material grounds of the demurrer being that it set up no valid cause of action, legal or equitable; that the claims sought to be enforced were barred by the statute of limitations, and were stale as equitable demands; and that, the suit being opposed to the scheme of the will of J. W. Rucker, the plaintiff must elect whether she will take under the will or against it.   This demurrer was sustained and the suit dismissed; whereupon the plaintiff excepted.

1. We see no warrant for the contention of the plaintiff that in granting her an annuity it was the intention of the testator that she should receive the first payment of $10,000 immediately after his death, and that subsequent payments thereon should be made annually in advance. It is true that the will expressly states that the annuity is to be paid annually, but nowhere is it inferable that the testator meant thereby to require his executors, regardless of circumstances, to make this payment in a lump sum, and certainly there is no ground for a construction that he intended the payments to be made annually in advance. Very broad powers were given by the will to the executors. They were the friends and business associates of the testator, and a reasonable construction of the instrument leads to the belief that he intended the executors, with a view to conserving the best interests of the estate, to exercise a wise discretion as to the time and amount of the payments, with the single restriction upon them that by the end of each year the full amount of the annuity for that year should be paid to the widow. Granting that the testator in fact intended to give to his will the effect for which the plaintiff contends, it would still be the duty of the executors to keep in view the main idea of the will, that the annuity should be paid out of the income of the estate; and if the annual payment in advance would defeat this end, a due regard for the purposes of the will and the condition of the estate would require them to disregard such expressed intention and pay the annuity in instalments in such a manner as to best subserve the wishes of the testator and the interests of the estate, always provided that the full amount of $10,000 should be paid to the widow by the end of each year. See *Wikle* v. *Woolley*, 81 *Ga.* 106.

2. Under the allegations of the petition, J. W. Rucker occupied towards his wife the position of a continuing and confidential agent for the purpose of investing, managing, and taking care of her funds; dealing in his own name, it is true, but always recognizing that he was dealing largely with his wife's money, for which he was accountable to her, his duties being, in effect, those of a steward or factor. This being so, this case falls squarely within the ruling made in the case of *Teasley* v. *Bradley*, 110 *Ga.* 497, in which this court decided that the statute of limitations does not begin to run in favor of such a person, and against the one whose funds have been entrusted to his care, until such agent has rendered an account, accompanied by

an offer to settle, or there has been by the principal a demand for a settlement and a refusal to pay by the agent, or there has been an express repudiation of the agency, or until there has been such a change in the relationship of the parties as would warrant the inference that the confidential agency had ceased.   None of these alternatives appears to have been established upon the face of the petition in the present case, prior to the filing of the suit; and we are consequently at a loss to understand how it can be rightfully claimed that the plaintiff's demand is upon its face barred.   The facts in the case of *Teasley* v. *Bradley* are so nearly identical with those in the case now before us, that the principle there laid down is directly controlling, and we refer to the exhaustive and learned discussion of Mr. Justice Cobb in the case cited, and to the array of authorities by which his conclusions are enforced, as a complete answer to the contentions of the defendant in error upon this point.

3. There is nothing in the will of J. W. Rucker to indicate that in making the instrument he affected to dispose of property not his own, nor is there anything in the petition of Mrs. Rucker evidencing a claim adverse to the scheme of the will.   The main purpose of the testator appears to have been to provide for his widow an annuity of $10,000 per annum during her life, and after her death to dispose of *his* property in a designated manner.   Mrs. Rucker in effect says : " I am entirely willing that the will shall be given full force; in fact, I claim under the will.   The first item of the instrument directs that all the just debts of the testator shall be paid.   I have a just claim against the estate, which I seek to enforce.   The will also allows me an annuity of $10,000 per annum; and after the payment of the debt referred to, the entire estate is chargeable with the payment of my annuity."   We see nothing in that claim which is necessarily inconsistent with the scheme of the will; nor, in our opinion, is this a case where, under the Civil Code, § 4013, the plaintiff must elect whether she will take under or against the will.   The section referred to expressly limits its provision to cases " when a testator has affected to give property not his own, and has given a benefit to a person to whom that property belongs."   Aside from certain jewelry, household furniture, and his carriage and horses, the testator did not make any specific devise or bequest to his widow, nor does she in her suit pray for the recovery of any specific property.   She simply seeks to enforce a pre-existing debt against the estate, which is entirely

consistent with the scheme of the will as expressed by the testator, and she is not affected, in the assertion of her rights, by the code section before cited. For a full discussion of the meaning and effect of that section, see Lamar v. McLaren, 107 Ga. 591. In view of what has been here laid down, it follows that the court below erred in sustaining the demurrer to the plaintiff's petition.

Judgment reversed. All the Justices concurring, except Little, J., absent.