OVERSTREET *v.* NASHVILLE LUMBER COMPANY.

LUMPKIN, J. 1. If a suit is brought on an open account which contains a number of items, but alleges no date except the year, an objection properly made, and in due time, should be sustained, unless by an amendment the defect is cured. Whether an allegation of an approximate date, with a statement that for reasons set out it is impossible truthfully to make a more definite statement on that subject, would suffice, or whether in all events an exact date must be alleged, although strict proof thereof may not be required, if the account is within the statute of limitations, need not now be determined. In this case, in response to a motion to strike the bill of particulars, counsel merely replied orally that they did not know when the goods were furnished and could not state the month; that they had stated the year, and that was as near as they could come to it. No specific ruling was made as to the time or manner of making the objection. *Busby* v. *Marshall*, 125 *Ga.* 645.

2. Where the defendant pleaded a set-off to the plaintiff's claim, and it appeared that the account so set off was for work done not for the plaintiff, but for another firm, and the defendant sought to show that he refused to do the work on the credit of such firm, and thereupon the plaintiff directed him to do the work on its credit and charge the amount thereof to it; and where the real question was whether the work was in fact so done and the credit so extended to the plaintiff in whole or in

part, or whether it was extended to the firm for whom it was done, and the promise of the plaintiff (if made) was not an original undertaking, but a contract of suretyship, it was error, calculated to confuse the jury, to so charge as to make the liability of the plaintiff turn on the question of whether or not there was a consideration moving to it.

3. It does not appear that there was any error calculated to injure the defendant in charging that at all events the plaintiff admitted that there should be deducted from its claim the sum of $2.05, and that in any event the defendant was entitled to that much.

*Judgment reversed. All the Justices concur, except Fish, C. J., absent.*

Submitted July 18, 1906.—Decided February 14, 1907.

Complaint. Before Judge Mitchell. Berrien superior court. January 18, 1906.

*Hendricks, Smith & Christian,* for plaintiff in error.

*Buie & Knight* and *Alexander & Gary,* contra.