### GUINN *v.* TRUITT.

GILBERT, J. 1. Where funds of a married woman are invested in land by her husband, who takes a deed from the vendor in his own name, the husband, under such circumstances, will take only the legal title, the equitable title being in the wife.

2. Yet where, after the vesting of title under the circumstances mentioned in the preceding note, the husband, without any new consideration, makes a deed conveying the property to his wife for life, with remainder to her children by him, and if there be none then to his heirs at law, and the wife accepts the deed and retains possession thereunder, such deed will be binding upon the wife, unless attacked for fraud or other legal cause.

(a) Under a proper construction the petition alleges acceptance of the deed by the wife.

3. Where the wife makes no attempt to set aside the deed, but makes a will purporting to dispose of her property generally in a manner different from that provided by the deed, and a devisee, being a person not alleged to be one who would take under the deed, seeks to recover an interest in the land embraced in the deed, and in his petition sets out the deed, but does not seek to reform it or attack it for fraud, there is no error in dismissing the petition on general demurrer.

4. The plaintiff sought to recover on the basis of the testatrix having a perfect equitable title on account of her money having been used by her husband to pay for the land; but the petition set forth the deed above mentioned from her husband to herself, and did not attack it for fraud

or other cause, but attempted to construe it in a manner that would vest the fee in the wife. By thus setting out the deed the plaintiff by his own petition makes his case turn upon the effect of the deed, which, as indicated in the preceding note, is fatal to his claim of title.

(a) This case is distinguishable from the cases of *Holder* v. *Scarborough*, 119 *Ga.* 256 (46 S. E. 93), *Hitchcock* v. *Hines*, 143 *Ga.* 377 (85 S. E. 119), and *King* v. *McDuffie*, 144 *Ga.* 318 (87 S. E. 22), on the ground that in the present case the legal title to the property involved in this controversy was in the grantor in the deed conveying the property to his wife, the equitable owner, through whom the plaintiff claims, whereas, in the cases cited, at the time of the execution of the second deed the grantor was a stranger to the title, having previously conveyed his entire interest therein.

*Judgment affirmed. All the Justices concur, except Fish, C. J., absent.*

No. 654. MAY 15, 1918.

Complaint for land. Before Judge Terrell. Troup superior court. September 27, 1917.

*M. U. Mooty* and *L. L. Meadors,* for plaintiff.

*E. T. Moon,* for defendant.