### RICH *et al. v.* RICH *et al.*

ATKINSON, J.   In 1899 Henry Rich, twenty-two years old, was living with his mother, Mrs. Susie Rich, and W. A. Rich, his mother's second husband.   Henry owned a mule and wagon of the value of $150.   At that time M. B. Talley owned described land containing 104 acres, on which there was one dwelling, and which could be purchased for $385.   W. A. Rich proposed to Henry that they buy the land at the price stated, Henry contributing his mule and wagon at $150, and W. A. Rich paying the balance of $235 in cash, and agreeing to build another dwelling thereon "for Henry to live in," and that Henry should receive an undivided interest in the land in proportion to the amount of the purchase-price paid by him.   Henry accepted the proposition and delivered his mule and wagon to W. A. Rich, who was relied on to complete the negotiations with Talley.   The land was purchased and the price paid in manner above stated, but the deed was made to W. A. Rich as sole grantee.   Henry did not know the terms of the deed "until long afterwards."   In 1900 Henry, being about to marry, requested W. A. Rich to build the additional house, and subsequently repeated his request several times, but each time was offered an excuse on the ground of inability, until finally in 1903 Henry demanded that W. A. Rich account to him for the

value of the mule and wagon or "build the house and let him in joint possession of said land." It was then orally agreed between them that Henry would waive the building of the house and "would let his $150 remain in said land and surrender . . any rights to the rents and possession of any of said land so long as W. A. Rich might live, and at the death of W. A. Rich, Henry Rich was then to be the owner of one-half interest in said land absolutely." In this connection it was further agreed that W. A. Rich "would fix whatever papers were necessary so that at his death Henry . . would receive a one-half interest in said land." After this agreement Henry with his family moved west and never exercised any right of possession or control over the land. W. A. Rich died in 1926, "without having fixed any papers either by will, or otherwise, to carry out" the last above-mentioned "oral agreement." Henry and his sister Lula, being stepchildren of W. A. Rich, were always loved by him as his own, and they "worked and helped him make what he had when he died." Six children constituted the issue of the marriage of W. A. Rich with the mother of Henry, all of whom had attained majority in 1926. Prior to the date last mentioned, W. A. Rich had married a second time, and two daughters were the issue of that marriage. These with their mother were expressly named in item three of the will of W. A. Rich, executed in 1916, which devised a described part of the land to those so named "absolutely and in fee simple forever." Immediately following these words the will stated: "The remainder of land to go to other children." On the day the will was written the testator instructed the scrivener to draft the instrument so that his six children by the mother of Henry and his two said stepchildren would share equally in his estate. The will was duly probated. Henry died intestate in 1930, leaving a widow and one son and a daughter as his sole heirs at law. In 1930 the heirs at law of Henry instituted an action against the widow as devisee and as executrix, and the children of W. A. Rich as devisees and heirs at law. The petition as amended alleged in one count all that is stated above, and prayed: (a) for specific performance of the alleged parol agreement, and that title to a one-half interest in all the land be decreed in them; (b) to recover a one-eighth interest in the land owned by W. A. Rich at the time of his death, exclusive of that specially devised to his widow and her two daughters, based on such construction of item three of the will as would include Henry as one of the "other children" therein mentioned. There was also a prayer for general relief. The exception is to a judgment sustaining a general demurrer to the petition and dismissing the action. *Held:*

1. A trust is implied whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. Civil Code, § 3739, par. 1. And in all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust. Civil Code, § 3741. Applying the foregoing, the allegations of the petition are sufficient to charge an implied trust as to an undivided interest in the 104 acres of land, in favor of Henry, which should be in proportion to the part of the purchase-money contributed by him. *Harris* v. *Harris*, 154 *Ga.* 271 (114 S. E. 333).

2. The allegations stated a cause of action for specific performance of the second parol contract.

(a) The second parol agreement was sufficiently definite to import a contract.

(b) The alleged waiver by Henry of his rights of possession and enjoyment as a tenant in common during the lifetime of W. A. Rich was a sufficient allegation of consideration to support the alleged agreement that at the death of W. A. Rich Henry should be absolute owner of a one-half interest in the land.

(c) The allegation as to performance by Henry of the oral agreement mentioned in the next preceding subdivision was sufficient to satisfy the statute of frauds.

(d) The facts that both the contracting parties had died and nearly four years had elapsed between the death of W. A. Rich, the time at which Henry should have a one-half interest in the land, and institution of the suit, do not as matter of law show an equitable bar to the suit by the heirs of Henry for specific performance.

(e) In connection with each of the several rulings above stated see *Bird* v. *Trapnell*, 147 *Ga.* 50 (92 S. E. 872).

3. The fourth ground of demurrer, complaining that the petition is duplicitous because it seeks in one count to recover a one-half interest under the contract and a one-eighth interest under the will was not ruled upon by the trial judge, and no question is for decision based on that ground of the demurrer.

4. The judge erred in dismissing the action on general demurrer.

*Judgment reversed. All the Justices concur.*

No. 8566. AUGUST 9, 1932.

*T. H. Lang,* for plaintiffs. *J. H. Paschall,* for defendants.