## HEMPHILL *v.* HEMPHILL.

No. 9147. FEBRUARY 27, 1933.

*Winfield P. Jones,* for plaintiff in error.

*Dorsey & Shelton* and *Bond Almand,* contra.

BELL, J. Annie M. Hemphill filed her petition against Governor M. Hemphill, seeking to have a trust in her favor declared in certain real estate, the legal title to which was held by the defendant. The

court overruled general and special demurrers to the petition, and the defendant excepted. The petition as amended alleged the following facts: The plaintiff and the defendant were married to each other in June, 1920, and lived together as husband and wife until August, 1929, when the defendant separated from and deserted the plaintiff. The parties were subsequently divorced, but no property rights were determined in the divorce suit. Before her marriage to the defendant, the plaintiff worked as a seamstress and as a servant, and had accumulated about $436. The defendant also had about $1200. Before their marriage, but during their engagement to marry, they "agreed that they would put their moneys together and purchase a home, and after their marriage [the plaintiff] would continue to work and whatever money she earned would be turned over to the defendant, for the purpose of paying on the home so purchased." They together selected the house and lot described in the present suit, and "agreed among themselves to buy said house and lot for a home. It was agreed and understood between petitioner and defendant that for convenience the title would be placed in the name of the defendant, but that the petitioner should have a one-half undivided interest in said property. Thereupon the parties bought said house, and the title to same was put in the name of the defendant, the parties paying at that time the sum of .........., and the defendant executing his notes in the sum of $2900, representing the balance of the purchase-money for said house and lot. Thereafter, on June 29, 1920, she and the defendant married and moved into said house and made it their home. After her marriage she earned in her profession as a seamstress and as a teacher in the public schools of Atlanta, between the date of her marriage and her separation in August, 1929, the sum of approximately $4500, and as she would earn this money she would turn practically all of it over to the defendant; and during this time she turned over to the defendant approximately $3500 for the purpose of the defendant paying said money on the purchase of said house and for the purpose of improving the premises. The defendant took these sums of money so earned by her and paid same on the purchase of said house, under the understanding [and] agreement they had with one another that petitioner would thereby be owner of a one-half undivided interest in said house and lot.

"During their entire married life, the defendant frequently told

petitioner that she had a one-half undivided interest in the house, and that, in the event of a sale, he would see that she got her one-half out of the house. He also told her it was not necessary that she have any written paper showing her interest in the house,, but that he would see that her interest in the same was protected. She freely and voluntarily turned over all of said money to the defendant, with the understanding and belief on her part that she had a one-half interest in said property, and belief on defendant's statement that he recognized that she was the joint owner of said house. She did not turn her money over to the defendant, her husband, with any understanding or intent on her part that she was giving the same to the defendant, but on the understanding and with the intention that she was assisting her husband in buying said property in which she was to have a one-half undivided interest. After the separation in August, 1929, the defendant informed her that she had no claim or interest in said property, and has refused to recognize her right as joint owner and has repudiated his agreement and contract with her. By reason of the facts alleged herein, though the paper legal title is in the defendant, he nevertheless holds the said property as to one half of the same in trust and for the benefit of petitioner; and a court of equity should, by proper decree, set up and establish petitioner's rights in said property and declare defendant to hold one half of said property in trust for the use and benefit of petitioner. The defendant should be required to account to her for the rents and profits on said property from August 29, 1929, to the date of the trial of this case. The defendant, since August, 1929, has collected the rents on the property described in this petition." On said property are located three houses, and said houses have been rented practically all of the time since that date. "Since August, 1929, the defendant has collected approximately $60 per month rent from these houses, and is now collecting the entire rent and using all of the said rent himself." The plaintiff is without adequate remedy at law, etc. The petition contained prayers that the plaintiff be decreed to be the legal and equitable owner of a half undivided interest in the property, and that the defendant be required to account to the plaintiff for the rents and profits thereof. The several grounds of the demurrers, both general and special, are stated hereinafter.

As will be shown later, the petition was indefinite as to the

aggregate cost of the property and the individual contributions thereto as made by each of the parties, and in other respects was subject to special demurrer. But we will first discuss the petition with reference to its substance, after which we will endeavor to point out its deficiencies. It appears that the plaintiff and the defendant, prior to their marriage, entered into an agreement to buy a house and lot for their future use as a home, and that in pursuance of this agreement each of them contributed to a sum which was applied as part payment of the purchase-money, and the defendant gave notes for the balance of purchase-money. It was understood that he would do so for the joint benefit of himself and the plaintiff. The petition does not state the amount of the initial payment, or the sum contributed thereto by the plaintiff; but it does appear that some amount was paid from the funds of both, the allegation being that the parties paid at the time "the sum of................." In view of the entire petition, we can not agree that this allegation should be construed as meaning the payment of no sum whatever by the plaintiff. The antenuptial agreement, which had thus been only partly performed, was continued in force after marriage, with the result that the plaintiff delivered to the defendant approximately $3500 to be paid on the balance of the purchase-money and to improve the premises, and the defendant took this money and "paid same on the purchase of said house, under the understanding [and] agreement they had with one another that petitioner would thereby be owner of a one-half undivided interest in said house and lot." Although it appears that the sums paid by the plaintiff after marriage were earned by her as a seamstress and as a teacher, the allegations were sufficient to show an implied agreement on the part of the husband that her earnings should be retained or used by her as her separate estate. *Cotter* v. *Gazaway*, 141 *Ga.* 534 (81 S. E. 879). It does not appear that the plaintiff is seeking to enforce an express trust, but the allegations and prayers indicate an intention to establish and enforce an implied trust. Implied trusts are such as are inferred by law from the nature of the transaction, or the conduct of the parties. Civil Code (1910), § 3732. Trusts are implied: (1) Whenever the legal title is in one person, but the beneficial interest, either from the payment of the purchase-money or other circumstances, is either wholly or partially in another. (2) Where, from any fraud, one person obtains the title to property

which rightly belongs to another. (3) Where, from the nature of the transaction, it is manifest that it was the intention of the parties that the person taking the legal title shall have no beneficial interest. § 3739. In all cases where a trust is sought to be implied, the court may hear parol evidence of the nature of the transaction, or the circumstances, or conduct of the parties, either to imply or rebut a trust. § 3741. As between husband and wife, parent and child, and brothers and sisters, payment of purchase-money by one, and causing the conveyance to be made to the other, will be presumed to be a gift; but a resulting trust in favor of the one paying the money may be shown and the presumption rebutted. § 3740.

"Where funds of a married woman are invested in land by her husband, who takes a deed from the vendor in his own name, the husband, under such circumstances, will take only the legal title, the equitable title being in the wife." *Guinn* v. *Truitt,* 148 *Ga.* 112 (95 S. E. 968). "When the husband buys land with money which is the separate estate of his wife, and takes the title in his own name, in the absence of any evidence that the wife had given or loaned her money to him, the law raises an implied trust in favor of the wife, and makes the husband her trustee holding the property in trust for her sole use and benefit." *Wallace* v. *Mize,* 153 *Ga.* 374 (4) (112 S. E. 724). "An implied trust results from the fact that one person's money has been invested in land and the conveyance taken in the name of another. Such implied trust may arise from the payment of a portion of the purchase-money. To set up and establish such implied trust it is only necessary to allege and prove that one person furnished all or a portion of the purchase-money of the land, and that the deed was taken in the name of the person to whom the money was so furnished." *Berry* v. *Brunson,* 166 *Ga.* 523 (1) (143 S. E. 761). According to the allegations of the petition, the plaintiff paid a large portion of the money actually devoted to the purchase of the house and lot in question, a part before and a part after her marriage with the defendant, all of it having been paid in pursuance of an agreement, made before marriage, to the effect that she would be equally interested in the property although the legal title would be held by the defendant. Under these circumstances, if the amount of the purchase-money and the respective sums contributed thereto by the plaintiff and her husband are established, the law, subject to the limitations hereinafter stated,

will imply a trust in her favor,—not a constructive trust as in cases of fraud, but an "implied in fact trust," in accordance with the inferred intention of the parties. Fraud is not the only basis which may exist for an implied trust. *Jackson* v. *Jackson,* 150 *Ga.* 544 (104 S. E. 236). The fact that the plaintiff alleged that a certain agreement was had between her and the defendant did not render the petition fatally defective as seeking to enforce an express trust by parol. If from all the facts and circumstances an implied trust is otherwise established, it is not destroyed by the express verbal agreement which may have constituted a part of the transaction. The express agreement may be shown, not as fixing the interests to be ownd by the parties, but as rebutting the inference of a gift by the plaintiff. *Jackson* v. *Jackson,* supra; *Romano* v. *Finley,* 172 *Ga.* 366 (2) (157 S. E. 669). The defendant invokes the rule that a resulting trust can not arise "solely from the payment of the purchase-price, . . unless the purchase-money is paid either before or at the time of the purchase." *Hall* v. *Edwards,* 140 *Ga.* 765 (3) (79 S. E. 852); *McDonald* v. *Dabney,* 161 *Ga.* 711 (10 *b*) (132 S. E. 547); *Fleming* v. *Patterson,* 170 *Ga.* 495 (8) (153 S. E. 37). This rule is inapplicable, for the reason that the petition alleges other material facts besides the payment of the purchase-money. See further, in this connection, *Wilder* v. *Wilder,* 138 *Ga.* 573 (75 S. E. 654); *Jones* v. *Jones,* 138 *Ga.* 730 (75 S. E. 1129); *Gillespie* v. *Gillespie,* 150 *Ga.* 106 (102 ʹS. E. 824); *Pound* v. *Smith,* 146 *Ga.* 431 (91 S. E. 405); *Rich* v. *Rich,* 175 *Ga.* 258 (165 S. E. 109); *Shaprio* v. *Steinberg,* 175 *Ga.* 869 (166 S. E. 767).

The petition prayed for the establishment of a trust to the extent of a one-half undivided interest in the property, but this prayer could be granted only upon the theory that the plaintiff had paid as much as half of the purchase-money, as the law will imply a trust in her favor only in proportion to the amount of the purchase-money paid by her. A verdict and decree in her favor for a one-half undivided interest in the property, if based upon the express agreement as to the interest to be owned by each of the parties, and not upon the proportion of the purchase-money paid, would manifestly impinge upon the rule that an express trust can not be created by parol. Civil Code (1910), § 3733. Accordingly, any recovery or decree in the plaintiff's favor must be in proportion to the amount of the purchase-money paid by her, and could not be

based upon the express agreement. · There is the further limitation that the plaintiff would not be entitled to recover a greater interest than she has prayed for in her petition, namely, a one-half undivided interest in the property referred to. It follows that the petition was open to special demurrer upon the ground that it failed to show the exact amount of the purchase-money, together with the sums paid by the plaintiff and the defendant respectively. The special demurrers are dealt with in the following division; and since, as will be seen, the rulings to be made on the special demurrers will require material amendments to the petition, in view of which, if made, the petition may present an entirely different complexion, this court, under the particular facts, will make no adjudication upon the general demurrer at this time. Compare *Southern Ry. Co.* v. *Rollins*, 45 *Ga. App.* 270 (3) (164 S. E. 216).

■ The allegation that the parties paid "the sum of . . . . . . . . ." was subject to demurrer upon the ground that it did not show what sum of money, if any, was paid by the plaintiff, or the defendant, or by either or both of them. The allegations in paragraph 10 that during a period of about nine years, as indicated, the plaintiff turned over to the defendant sums of money aggregating about $3500, to be applied on the purchase-money and to improve the property, were subject to special demurrer upon the ground that it did not appear at what times, or in what amounts, the plaintiff delivered these sums of money to the defendant, or how much of the same was used for the purchase-price of the property, or how much for its improvement. Other allegations based upon those contained in paragraph 10 were necessarily subject to special demurrer upon the same ground. From what has been said, the court should have sustained grounds 1, 2, 3, and 4 of the special demurrer. See *McKenzie* v. *Mitchell*, 123 *Ga.* 72 (2) (51 S. E. 34); *Louisville & Nashville R. Co.* v. *Barnwell*, 131 *Ga.* 791 (4) (63 S. E. 501); *Fontaine* v. *Baxley*, 90 *Ga.* 416 (3) (17 S. E. 1015); *Thomas* v. *Clarkson*, 125 *Ga.* 72 (5) (54 S. E. 77, 6 L. R. A. (N. S.) 658); *Overstreet* v. *Nashville Lumber Co.*, 127 *Ga.* 458 (56 S. E. 650). There was no merit in the other grounds of special demurrer.

*Judgment reversed. All the Justices concur.*