210 Ga. 111 (1953)
78 S.E.2d 193
JOSEPH
v.
CITIZENS & SOUTHERN NATIONAL BANK, Exr., et al.
18314.
Supreme Court of Georgia.
Argued September 14, 1953.
Decided October 14, 1953.
Myrick & Myrick, Bouhan, Lawrence, Williams & Levy, for plaintiff in error.
Malcolm R. Maclean, pro se, Douglas, McWhorter & Adams, Dennis Pierce, contra.
*117 CANDLER, Justice.
1. The petition in the instant case alleges in substance: that the plaintiff and her husband engaged in business together as equal partners for nearly forty years, she furnishing the initial capital; that she trusted him implicitly to protect her interest and separate estate under their joint business arrangement; that surplus profits from their various business ventures were from time to time withdrawn by them and invested in rental properties, savings accounts, stocks, bonds, and choses in action, having a total value in excess of $65,000, as shown by a schedule or list of them attached to and made a part of the petition; that their joint and equally owned investment properties, at the time of her husband's death, "technically appeared of record and registration" in his name; that, since her husband purchased the aforesaid securities with funds belonging jointly and equally to him and her, she has an interest and equitable title in and to an undivided half of the investment properties. Held: as to the investment properties or securities, the petition was sufficient to allege the creation of an implied trust. Code §§ 108-101, 108-102, 108-106; Guinn v. Truitt, 148 Ga. 112 (1) (95 S. E. 968); McFadden v. Dale, 155 Ga. 256 (2) (116 S. E. 596); McCollum v. McCollum, 202 Ga. 406 (1a) (43 S. E. 2d 663), and citations.
2. There is no merit in the contention that the plaintiff's right to assert a claim to an undivided half of the investment properties or securities which her husband allegedly purchased and which were acquired and held in the name of her husband was barred by the statute of limitations or laches. "As long as a person who is in possession of the property of another, using the same for the owner's benefit, recognizes the latter's ownership, no lapse of time will bar the owner from asserting his title as against the person in possession. Before any lapse of time will be a bar to the owner, it must appear that the person in possession has given notice, or there must be circumstances shown which would be *112 equivalent to notice, to the owner that the person in possession claims adversely to him. In such a case the statute will begin to run from the date of such notice. Until the owner has such notice, he has the right to treat the possession of the other person as his own." Teasley v. Bradley, 110 Ga. 497, 501 (35 S. E. 782). And "where a wife places a fund in the hands of her husband, under an agreement that he is to use and improve same for her benefit, with no time fixed for an accounting and settlement between them, the statute of limitations does not begin to run against her and in his favor until after a demand for a settlement and a refusal by him to pay." Rucker v. Maddox, 114 Ga. 899 (2) (41 S. E. 68). See, to the same effect, Keaton v. Greenwood, 8 Ga. 97.
3. The case at bar does not fall within the principle of Code § 113-819, which declares: "A legatee taking under a will shall allow, as far as he can, all the provisions of the will to be executed. Hence, if he has a claim adverse to the will, he shall be required to elect whether to claim under the will or against it. The mere fact of being a creditor shall not constitute a case for election." Nor does it fall within the following principle, stated in Miller v. Cotten, 5 Ga. 341: "If a testator has affected to dispose of property, which is not his own, and has given a benefit to the person to whom that property belongs, the devisee or legatee accepting the benefit so given to him must make good the testator's attempted disposition. For the doctrine of election is, that he who accepts a benefit under a deed or will must adopt the whole contents of the instrument, conforming to all its provisions, and renouncing every right inconsistent with it." In the case stating the quoted principle, the will "affected to dispose of" the property which the executor in his individual capacity was seeking to recover, whereas in the case presently under consideration, the will does not designate any particular property, but only purports to devise and bequeath to the trustee all of the rest and residue of such property as might belong to the testator in his own right at the time of his death. In First Nat. Bank & Trust Co. v. Roberts, 187 Ga. 472 (1 S. E. 2d 12), this court, in dealing with the applicability of the principle announced in Miller's case, supra, to the facts of that case, in speaking through Mr. Justice Jenkins, said: "However, this doctrine does not apply where the testamentary disposition describes no specific property so as to identify it with that of the claimant, but describes the property only generally, as in this case, as `all my real and personal property and all property of every kind and character owned by me at my death,' since the testator would be presumed to have intended to bequeath only what he actually owned and could lawfully dispose of. McFadden v. Dale, 155 Ga. 256 (1a) 258 (116 S. E. 596); McGinnis v. McGinnis, 1 Ga. 496, 503; Lamar v. McLaren, 107 Ga. 591, 601-602 (34 S. E. 116), and cit." See also Rucker v. Maddox, supra; Rieves v. Smith, 184 Ga. 657 (192 S. E. 372, 112 A.L.R. 368), and the authorities there cited. In Miller v. Cotten, supra, as this court pointed out in the Rieves case, supra, it was held that the testator must have "affected to dispose of property which is not his own," and must have "given a benefit to the person to whom that property belongs," before he will be required to "make good *113 the testator's attempted disposition." And before a legatee or devisee will be required to make an election under § 113-819 of the Code, as above quoted, it must clearly appear from the will itself that it was manifestly the intention of the testator to dispose of property not his own. McGinnis v. McGinnis, 1 Ga. 496. In the instant case, as we have pointed out, the testator did not devise and bequeath to the trustee any specific property, but only the unspecified residue of his estate, and it will be presumed that it was his intention to bequeath only that property which he actually owned and could lawfully dispose of.
(a) The motion to review and overrule Rucker v. Maddox, McFadden v. Dale, and First National Bank & Trust Co. in Macon v. Roberts, all supra, is denied.
4. Since it is alleged that petitioner's husband, during the last few years of his life and without her knowledge until after his death, wrongfully and fraudulently made large withdrawals of money from their joint and equally owned assets, which were converted to his own use and which have not been accounted for and repaid on demand, the petition as amended stated a cause of action against the executor of his estate for an accounting.
5. The judge erred in sustaining the demurrers and dismissing the amended petition.
Judgment reversed. All the Justices concur.