19805. REYNOLDS, Administrator *v.* BOWLES *et al.*

Head, Justice. 1. In the present case it is contended that the petitioners and Mrs. Eunice Bowles entered into a parol contract in settlement of their rights, claims, and interests in and to the estate of the father of the petitioners, A. O. Bowles, Sr.; and that, pursuant to this verbal agreement, Mrs. Eunice Bowles procured an order from the ordinary of the county that no administration was necessary upon the estate of A. O. Bowles, Sr. The respective rights of the parties in and to the estate of A. O. Bowles were not entirely free from doubt and uncertainty. It has long been the policy of the law to approve

a family arrangement for the settlement of an estate; and where the settlement is between parties having an interest, it is not a voluntary agreement without consideration, but is one that may be enforced in a court of equity. *Watkins* v. *Watkins,* 24 *Ga.* 402; *Fulton* v. *Smith,* 27 *Ga.* 413, 417; *Belt* v. *Lazenby,* 126 *Ga.* 767 (3) (56 S. E. 81); *Preston* v. *Ham,* 156 *Ga.* 223, 224 (1b) (119 S. E. 658); *Jones* v. *Robinson,* 172 *Ga.* 746 (158 S. E. 752); *Rich* v. *Rich,* 175 *Ga.* 258, 260 (2b) (165 S. E. 109). The court did not err in overruling the motion to dismiss, which was in the nature of a general demurrer.

2. The evidence amply authorized a finding by the jury that the parties had entered into a contract in settlement of their respective rights in and to the estate of A. O. Bowles, Sr. The motion for new trial on the general grounds was, therefore, properly denied.

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 9, 1957—DECIDED OCTOBER 11, 1957.

*Edwin S. Kemp,* for plaintiff in error.
*Albert B. Wallace,* contra.