## 50814, 50815. BOARD OF TAX ASSESSORS, RICHMOND COUNTY v. GARDNER (two cases). 50816. BOARD OF TAX ASSESSORS, RICHMOND COUNTY v. PURDY.

MARSHALL, Judge.

This appeal springs from an adverse jury verdict and corresponding judgment entered by the Superior Court of Richmond County against the board of tax assessors of that same county in favor of the three property owners (a mother and two daughters) of contiguous land in Richmond County at Augusta, Georgia.

The record and transcript reflects that there are three contiguous parcels of property fronting on Washington Road in Augusta, Georgia. These parcels of land apparently originally were in one ownership but at the time of the tax assessment of which complaint was made, parcel one, consisting of 8.5 acres, was owned by a daughter, Miss Carolyn Gardner; parcel two, consisting of 3.2 acres, was owned by the mother, Mrs. Eva Gardner. This parcel contained the homestead and was resided in by the mother and daughter, Carolyn. Parcel three, consisting of .73 of an acre, was owned by the remaining daughter, Mrs. Virginia Gardner Purdy, a nonresident of Augusta, living in Macon. Previous to 1973, all three parcels of land, which fronted on Washington Road, had been zoned as commercial land to a depth of 250 feet. The remaining five acres of parcel one was zoned agricultural; the remaining one acre of parcel two was zoned residential and all of parcel three was zoned commercial. In addition, parcel one had a house occupied by tenants who paid Carolyn Gardner some $75 monthly rental.

Following a recommendation by the tax assessor for

a substantial increase in the assessed valuation of all three parcels for the tax year 1974 over the valuation for 1973, each property owner filed an appeal to the Board of Tax Assessors of Richmond County. That body ratified the increased assessments. Thereupon, the property owners filed an appeal to the Superior Court of Richmond County.

Upon a trial before a jury, conflicting evidence of a true and representative valuation of each parcel was presented. Over objection by the defendants below (the board of tax assessors), the chief appraiser for Richmond County was allowed to testify on cross examination that the 1973 valuations of the three parcels were $79,680, $74,000, and $15,000 for parcels 1, 2 and 3, respectively. This evidence was admitted by the trial judge on the premise that the property owners would establish there had been no change in the use of the property nor any improvements thereon. In this regard, the evidence reflected that the property had been used for residential purposes for the past 75 years and that no change in use or improvements thereon had occurred during the years 1973 and 1974. However, the tax assessors, apparently using comparable sales of property fronting on Washington Road, raised valuations on the three parcels, because the property was mistakenly undervalued in 1973 and the valuations of 1974 were in line with other property in the area.

As to the value of the property in taxable year 1974, one of the property owners, Miss Carolyn Gardner, testified that the parcels (in sequence of 1, 2 and 3) were of a current value of $50,000, $43,000 and $15-18,000, respectively. An expert real estate appraiser called by the taxpayers stated in his opinion the property was valued as of January 1, 1974, at $79,500, $73,900 and $21,400, respectively. An appraiser called by the board of tax assessors stated that in his opinion the parcels were valued at $277,000, $197,000 and $65,000, respectively. A second tax assessor for the board testified he had appraised the property as of January 1, 1974, as having values of $161,650, $101,900 and $37,000, respectively. The last valuations were accepted by the board of tax assessors and became the tax base for 1974. It was to these

latter figures that the three property owners took exception and appeal.

Following the presentation of evidence and an appropriate charge to the jury, the jury returned an answer to the only question submitted to it for answer, the value of the three pieces of property as of January 1, 1974. The jury's verdict was a finding that the parcels were valued at $83,664, $77,700 and $15,000, respectively. The board of tax assessors now appeals the verdict of the jury and the judgment entered thereon. *Held:*

By consent, all three cases were joined and tried in common as one case. The enumerations are identical in each case. We, too, will treat the three cases as one for purposes of this opinion.

1. Appellant board assigned five enumerations of error. The first two deal with the alleged erroneous admission in evidence of the 1973 ad valorem tax values, contending that the property owners (plaintiffs below) did not show the land had been without changes between January 1, 1973, and January 1, 1974. Contrary to that assertion, there was evidence adduced by the property owners that the land was "naked land," no new buildings or other improvements had been placed thereon, the land had been, for 75 years and, was still, used as residential property and was zoned the same in both years. In effect, what appellant really urges is the property owners did not refute the assertion that through error, the three parcels were valued lower than actual value in 1973 and there had been normal property value accretion by the passage of time. Appellant's ultimate concern, however, the true value as of January 1, 1974, was submitted to the jury. The jury had all admissible evidence of the valuation from the various experts as well as one of the property owners. Since the ultimate question was submitted to the jury upon proper evidence and under a legally correct charge, even if we assume the 1973 ad valorem valuation was admitted erroneously, the admission of that evidence was extraneous, harmless, and worked no prejudice to appellants. *Alford v. State,* 33 Ga. 303 (1); *Georgia R. &c. Co. v. Shaw,* 40 Ga. App. 341 (4) (6) (149 SE 657).

2. In its third enumeration, appellant complains the trial court erred in allowing testimony from appellee's

expert witness as to certain other parcels of land alleged to be comparable to the land in question when appellee's evidence failed to support any comparability between the two. Again, contrary to this assertion, there was substantial evidence that land in the area was compared by the expert both as to size and use. Where there were differences, the differences were discussed.

In this regard, it has been said in the past, "No hard and fast rule with regard to similarity can be fixed by the courts, and in the final analysis it must be left largely to the discretion of the trial judge to determine in a preliminary way whether the property, the evidence of the transfer of which is sought to be introduced for purposes of comparison, is similar to that sought to be condemned, and the trial court's determination will generally not be disturbed by the appellate courts unless it be manifestly abused." *Georgia Power Co. v. Walker,* 101 Ga. App. 454, 457 (114 SE2d 159). We find there to be sufficient similarity in the evidence offered to be of material assistance to the jury in determining the value of the land in controversy. The action of the trial court in admitting the evidence was a proper exercise of its discretion. *Fulton County v. Elliott,* 109 Ga. App. 775 (137 SE2d 477).

3. In its fourth and fifth enumerations, appellant alleges error in the action of the trial court in instructing the jury to disregard the evidence of its experts concerning the sales prices of other property in the area as constituting evidence of comparability because: (4) appellant's witnesses did not show a "cash" sale since the witness did not know whether the sellers of such property had received back a note and security deed to secure the payment of the balance of the purchase price as opposed to a cash transaction; nor, (5) did they show that zoning as "neighborhood business" was the same as "commercial."

Initially it must be noted that the evidence offered by appellant as to sales of comparable property was offered as the basis for the opinions of the witnesses as to the "actual cash value" or ad valorem basis of taxability. It was never offered as independent evidence to enable the jury to reach its own determination as to fair market value based upon comparability. Even though the sales prices of other

comparable land were ruled out, appellant's witnesses were allowed to state to the jury their opinions as to the ad valorem valuations as of January 1, 1974. The only question the jury was asked to decide was value as of January 1, 1974. The critical evidence necessary to make that decision was admitted for the jury's consideration. The erroneous exclusion of evidence which is not sufficiently relevant to prejudice appellant by its exclusion is not reversible error. *Williamson, Inman & Co. v. Thompson,* 53 Ga. App. 821 (187 SE 194). Though the verdict was not demanded by the evidence, we do find sufficient evidence to support the trial verdict, and we find no errors of law resulting in prejudice to appellant. Accordingly, we will not disturb the judgment of the court below. *Reynolds v. Bowles,* 213 Ga. 534 (100 SE2d 198).

*Judgment affirmed. Bell, C. J., and Webb, J., concur.*

SUBMITTED JUNE 16, 1975 — DECIDED SEPTEMBER 18, 1975 — REHEARING DENIED OCTOBER 1, 1975.

*Robert C. Daniel, Jr.,* for appellant.

*Wilson & Trotter, William A. Trotter, III,* for appellees.